Jones v. Payne

---

JOHN JONES, plaintiff in error, v. JOHN A. PAYNE, defendant
in error.

(Atlanta, June Term, 1870.)

1. BILL OF EXCEPTIONS—DISMISSAL—CERTIFICATION
OF RECORD WITHIN TEN DAYS—DILIGENCE OF COUN-
SEL.—A failure of the Clerk below to certify the record within ten
days from the filing of the bill of exceptions in his office, is no ground
for dismissing the cause in the Superior Court; Provided, counsel for
plaintiff in error exercised ordinary diligence to have the Clerk
below certify it in time. (R.)
2. DILIGENCE—CASE AT BAR—MANDAMUS AGAINST
CLERK.—What amounts to ordinary diligence depends upon the
circumstances of the case. Counsel should apply for mandamus
against the Clerk, unless the circumstances render it impracticable
or unnecessary to do so. (R.)
3. ADJUDICATION OF CAUSES*—PROVIDENTIAL CAUSE
—POSTPONEMENT.—Under the Constitution a cause must be dis-
posed of at or before the second term. Providential cause is not
good for postponement except at the first term. (R.)

---

*ADJUDICATION OF CAUSES—SECOND TERM.—"The whole
spirit of our constitution and laws runs counter to delays in the
adjudication of cases in this court and requires diligence in the pre-
paration of cases for a speedy trial. * * * The constitution con-
strains an adjudication at the second term and rule 26 gives the
means of reaching that result no matter which party dies, if the liv-
ing party be diligent. Constitution, art. 6, § 2, par. 6; Code, § 5134."
Atlanta City, etc., Co. v. Hare, 73 Ga. 18, citing the principal case.

Jones v. Payne

Practice. Motion to dismiss Bill of Exceptions. Term. Lee county.

On the 29th of September, 1869, the Judge certified the bill of exceptions in said cause, and ordered the Clerk of said county to send up the record, etc., "to the next term of the Supreme Court." It was filed in said Clerk's office on the 6th of October, 1869. On the 19th of October, the record was certified. It did not reach the office of the Clerk of the Supreme Court till the 2d of December, 1869. December term, 1869, began on the 6th of December, and the return day for that term was twenty days before the last mentioned date.

At said term of the Supreme Court, counsel for plaintiff in error moved to have it entered upon the docket as of that term, and to dismiss it because the Clerk of Lee Superior Court had not certified the record within ten days from the *filing of the same in his office, and upon other grounds. As they were not in writing, they are omitted here.

Counsel for plaintiff in error produced the record and made affidavit that, owing to its great length and the smallness of the county site of Lee, they could not procure sufficient help to have it done within ten days, though they urged the necessity of it upon the Clerk, and assisted him in trying to get it done in that time.

The motion was overruled, and the cause was ordered to be entered upon the docket of the next term. For other facts see the opinion.

Vason & Davis, Wootten & Hawkins, for plaintiff in error.
Lyon, DeGraffenried & Irvin, for defendant.

By the Court—BROWN, C. J., delivering the opinion.

A motion to docket and dismiss this case, was made by Judge Lyon, at the last term of this Court, on the ground among others, that the Clerk of the Superior Court of Lee county had failed to make out and certify the transcript of the record within ten days after the bill of exceptions was filed in his office, as required by the statute. The motion was overruled, and the case which reached the office of the Clerk of this Court, too late for last term, was ordered to be placed on the docket for this term. It was reached in its order and argued. But before we had pronounced any judgment, the case of Seay v. Treadwell, in which Judge Lyon was of counsel for plaintiff in error, was also reached in its order, and dismissed, on motion, on two grounds: 1st, that all the evidence in said case on the trial in the Court below, was not embraced in the bill of exceptions, as required by the rules of this Court; and 2d, on the ground that the Clerk of the Superior Court did not make out and certify the transcript of the record, for more than two months after the expiration of the ten days; and no sufficient excuse was shown for the delay, and no diligence was shown, on the part

*of the plaintiff in error, or his counsel, to secure this discharge of duty by the Clerk.

The decision in this case at the last term, was afterwards quoted upon us, and Judge Lyon, who had left the Court, applied through his law partner, Col. Irvin, for permission to renew his motion to dismiss this case. It is our wish, in the discharge of our duty, to apply the same rules to all alike, and on account of our great respect for the able counsel who feels aggrieved, we have consented to re-hear the motion to dismiss in this irregular manner, after the case had been argued upon its merits. By this, however, we will not be bound as a precedent. The earlier decisions of this Court, so far as we are advised, were uniform; that if the Clerk of the Superior Court failed to make out and certify and send up to this Court, a transcript of the record within ten days after the bill of exceptions was filed in his office, the writ of error was dismissed: See Beall v. Scott, 4th Ga., 525; Leak v. McDowell, 6th Ga., 264; 6th Ga., 317.

The Act organizing this Court under which those rulings were made, provides that, if any Clerk shall fail or refuse to send up the transcript of the whole record, in any cause according to the provisions of this Act, or he or any sheriff shall refuse or neglect to perform any duty imposed upon him by this Act, said Supreme Court, while in session in any district in this State, may issue a writ of mandamus to such officer, and enforce obedience thereto, if necessary, by attachment; and in case that such refusal of any such officer have delayed the party applying for or tendering a bill of exceptions as aforesaid, beyond the time limited in the foregoing part of this Act, he shall not thereby lose his remedy, but may proceed as if the time limited had not expired.

Here nothing is said about diligence on the part of the plaintiff in error, to secure the discharge of duty by the officer. But this Court, in Duke v. Trippe, 6 Georgia, 321, In construing that Act says: "And in all such cases, the party applying for such writ shall not lose his remedy, but may proceed as if the time limited in said Act had not expired." In other words, if the time has expired, and the *Clerk has not done his duty, by certifying and sending up the bill of exceptions, the case must be dismissed, unless the party has applied for the writ of mandamus to compel him to send it up. That was the legal diligence required by this Court; and if that was wanting the case was at an end.

The diligence which was then required of the party, as a condition to the continuance of his case in Court, after the default of the Clerk, by the construction placed upon the Statute by this Court, is now required by positive enactment.

Section 4204 of the Code, now enacts that: "If any sheriff or Clerk, or other officer, shall fail to discharge any

Jones v. Payne

duty required of him in connection with the foregoing provisions, upon petition, the Supreme Court, or the Judge of the Superior Court, may compel the performance of such duty by mandamus, and no suitor shall lose any right by reason of the failure of such officers to discharge their duties, when he has been guilty of no default himself, and has exercised ordinary diligence to secure their discharge of duty."

It will be observed that it is not enough that the suitor has been guilty of no fault himself, but he must have exercised ordinary diligence to secure the officer to discharge his duty. What is meant by ordinary diligence to secure the discharge of duty by the officer? We think it requires the party to have exercised ordinary diligence to obtain a mandamus against the officer for the failure to do his duty. That is the legal remedy given him, to secure the discharge of the duty neglected by the Clerk; and if he failed to pursue this legal remedy, with ordinary diligence, the case will be dismissed, on motion. In other words, the defect is cured only by the active pursuit of this legal remedy, when the Clerk has neglected his duty.

Under the original statute, the application for the writ of mandamus could only be made to the Supreme Court. To expedite the remedy, the Code provides that it may be made to the Supreme Court, or the Judge of the Superior Court. If the Supreme Court is in session at the time, and within a convenient distance, the application may be made *to it. If not, the exercise of proper diligence would require that it be made to the Judge of the Superior Court.

The rule as now laid down by the statute, is in fact more stringent than that laid down in the Act organizing this Court. That Act was not explicit that any diligence was necessary to save the rights of parties, in case of the failure of the Clerk to do his duty. It was so construed by the Court, however, as to require that he apply for the mandamus, (which the Court was authorized to grant,) or that the case be dismissed. But the present statute, in express terms, require vigilance on the part of the suitor to save his rights in such case.

But we are asked, what damage has the defendant in error sustained by the Clerk's failure to certify and send up the bill of exceptions, and the record, within the time prescribed, if he has in fact sent it up, and it is here when the case is called in its order? There may be no actual damage. Then why dismiss the case? For the reason that the law has not been complied with, and it is not legally brought to this Court. The statute requires the bill of exceptions to be tendered and certified by the Judge within thirty days after the adjournment of the Court at which the decision was made. Suppose it is tendered and certified thirty-one days after the adjournment of the Court, and all the parties are in this Court when the case is called, what damage has the defend-

ant in error sustained by the performance of the required duty only one day after the time fixed by law? Probably none can be shown. Then why dismiss the case? Because the law has not been complied with, and the case is not legally here. Again, suppose the plaintiff in error has failed to notify the defendant in error of the signing of the bill of exceptions within ten days, and has failed to file it in the Clerk's office within fifteen days, the same may be said as to damage. Yet in all such cases there is but one uniform ruling. The case is dismissed, because the law is not complied with. So in this class of cases, it is not for us to say whether the defendant in error has sustained actual damage or not; it is enough that he can show that the case is not *brought here in accordance with law, and he is entitled to have it dismissed, and to stand upon his rights as they are adjudicated in the Superior Court.

Again, the familiar rule of law is quoted, that every officer is presumed to do his duty, till the contrary is shown, and it is said, why may not parties stand by this rule, and take it for granted that such duty has been performed, till the contrary appears. That rule may apply generally, but it does not apply here, for the simple reason that the statute repeals it by requiring the party to use diligence to see that the officer does discharge his duty, or in other words, to use diligence to secure its discharge.

The Constitution of the State, in existence at the time this Court was organized, required cases to be disposed of here with promptness, to prevent delay in litigation. Since then the people have met in convention three different times, and each different convention has formed a Constitution, and there has been no relaxation of the rule, except that the Court may in its discretion withhold its judgment for one term after the case is argued. The provision in the present Constitution is in these words:

"The Supreme Court shall dispose of every case at the first or second term after such writ of error is brought; and in case the plaintiff in error shall not be prepared at the first term to prosecute the case, unless prevented by providential cause, it shall be stricken from the docket, and the judgment below shall stand affirmed. In any case the Court may in its discretion withhold its judgment until the next term after the case is argued."

Now it is a grave question, whether the Legislature can pass any Act to delay a case till the second term, by putting the party bringing it up upon ordinary diligence. Must not the diligence that keeps the case from being stricken from the docket, be such extraordinary diligence that the failure to get it here and prosecute it at the first term, may be said to be the result of providential hindrance. That seems to be the plain language of the Constitution.

But admit that the Legislature has power to prescribe *reasonable rules as to the manner of bringing up cases, and to say how long before each term a case shall be docketed, to make it returnable to that term, still it must make reasonable rules, keeping in view the imperative mandate of the Constitution that the plaintiff in error shall be prepared to prosecute the case at the first term.

When a bill of exceptions is sued out all the subsequent steps required by the Act of the Legislature must be promptly taken within the time required; and if by taking those steps promptly, as required, the case can reach the office of the Clerk of this Court twenty days before the commencement of the term as provided by the statute, that is the first term of the writ of error; and if the plaintiff in error does not use all the remedies which the law gives him against every officer for neglect of duty, and discharge promptly every duty the statute requires of him, or show that he was prevented by providential cause from so doing, the case must be stricken from the docket, and the judgment below stand affirmed.

We may observe here that the Constitution is imperative that the case shall be disposed of at the second term. Even providential cause is an excuse at the first term only, as is very apparent by an examination of the clause of the Constitution above quoted.

It is not probably in our power to lay down any rule as to the precise time within which a mandamus shall be obtained by the plaintiff in error, against a defaulting officer, to secure his case from the stern rule of the Constitution, which requires it to be stricken from the docket, if he is not prepared to prosecute it at the first term. In a case like the present we think it reasonable to require, that he apply by himself, his agent, or attorney, at the Clerk's office, on the day, or the day, after the duty is required to be performed by the Clerk, and to ascertain whether it has been done, and if not, that he apply to this Court, if in session, or to the Judge of the Superior Court, with reasonable promptness, for a mandamus against the defaulting officer. The precise time within which the application is made must depend on the distance from the county, where the case was tried, to this Court, or to the *Judge of the Superior Court, and the condition of the parties, and other circumstances of the case.

Another reason for dismissing the case, if the necessary diligence has not been used, though the case may have reached this Court, is found in the fact that this diligence is exacted in order to carry out the requirement of the constitution and the public policy of the State, that cases shall be disposed of in this Court without delay. If the rule of diligence is relaxed in one case, or class of cases, because the

Cameron v. Kersey

case afterwards reached here without the exercise of the required diligence, the relaxation will sanction a loose practice, which in many cases will result in delay and the loss of a term.

We are of opinion, therefore, that the enforcement of the rule in all cases, is most in conformity to the requirements of the Constitution. If the duty has been performed by the Clerk after the expiration of the time allowed him for that purpose, before the party could, by the exercise of ordinary diligence, · have obtained a writ of mandamus, we will not dismiss the case. But if the plaintiff in error, by the exercise of ordinary diligence, could have obtained the mandamus, before the duty was performed, there is in that case a failure on his part, and his case is obnoxious to the objection.

Apply these rules to the case now under consideration and we are satisfied it is not our duty to grant the order. The record in the case is a very voluminous one, and the plaintiff in error, by his counsel, shows on oath that with the clerical aid which the Clerk of the Superior Court could command, in the little village of Starkville, where the case was tried, he could not do his other necessary duties and prepare and certify the transcript of the record within the time, and that the plaintiff in error not only did all he could to get the Clerk to prepare the papers in time, but he aided him to make them out, and the whole was completed, as the rule required, within three days after the expiration of the time. As the Judge of the Superior Court did not reside in the county, ordinary diligence would hardly have enabled the plaintiff to obtain a writ of mandamus within three days.

There is a very clear distinction between this case and the *case of Seay v. Treadwell, in which the duty was not performed for about two months after the expiration of the time, and no excuse was given for its non-performance, and no diligence shown by the plaintiff in error to secure its performance.

The motion to dismiss this case is overruled.