Goode & Lumpkin, by Tignor, for plaintiff in error.
Fort & Hollis, for defendant.

---

412     *THOMAS SEAY, plaintiff in error, v. SMITH TREADWELL, defendant in error.

(Atlanta, June Term, 1870.)

1. WRIT OF ERROR—EVIDENCE MUST BE IN OR ATTACHED TO BILL.—If the evidence be not in the bill of exceptions, or attached to it, and identified by the Judge, the writ of error will be dismissed. (R.)

2. SAME—CERTIFICATION OF RECORD WITHIN LAWFUL TIME—DILIGENCE OF PLAINTIFF.*—If the record be

*WRIT OF ERROR—CERTIFICATION OF RECORD WITHIN LAWFUL TIME—DILIGENCE OF PLAINTIFF.—A failure of the

Seay v. Treadwell

not certified in the time required by law, and no diligence by plaintiff to have it done in time appears, the writ of error will be dismissed. McCay, J., dissenting. (R.)

Practice. Supreme Court. From Terrell.

This cause was tried before Judge Harrell in Terrell county. A brief of the evidence was agreed upon, he approved it and ordered it to be filed in the Clerk's office. This evidence was not set out in the bill of exceptions, but a certified copy of it was attached to it, and alluded to "as part of this bill of exceptions," and after it was the Judge's certificate to the bill of exceptions, in the usual form, but no identification that the brief of evidence was correct, except the Clerk's certificate aforesaid.

The bill of exceptions was signed and certified by the Judge on the 31st of December, 1869, and filed in the Clerk's office on the 1st of January, 1870. On the 20th of April, 1870, the Clerk made out the copy of the record and certified to it and the bill of exceptions. They reached here on the 4th of May, 1870. There was a motion to dismiss it, because the evidence was not in the bill of exceptions, and because the Clerk had not certified the record in the time allowed by law. No explanation of this delay was attempted to be shown. The writ of error was dismissed on both grounds, McCay, J., dissenting as to the last grounds.

W. A. Hawkins, Lyon, DeGraffenreid & Irvin, Simmons, Parks, Fielder, Scarborough, for plaintiff in error.

C. B. Wootten, F. M. Harper, by Lochrane & Clark, for defendant.

Note.—Many causes in like situation, as to the time of certification, were dismissed, in default of a showing of diligence, or excuse for its non exercise by the plaintiff in error, or his counsel. None of them need notice, except such as have something else in them. For the opinion, upon which they were dismissed, see Jones v. Payne, ante, 32.

clerk below to certify the record within ten days from the filing of the bill of exceptions in his office is no ground for dismissing the cause in the superior court, provided counsel for plaintiff in error exercise ordinary diligence to have the clerk below certify it in time. Jones v. Payne, 41 Ga. 32. On page 40, the court said: "The record in the case is a very voluminous one, and the plaintiff in error, by his counsel, shows on oath that with the clerical aid which the clerk of the superior court could command, in the little village of Starkville, where the case was tried, he could not do his other necessary duties and prepare and certify the transcript of the record within the time, and that the plaintiff in error not only did all he could to get the clerk to prepare the papers it time, but he aided him to make them out, and the whole was completed, as the rule required, within three days after the expiration of the time. As the judge of the superior court did not reside in the county, ordinary diligence would hardly have enabled the plaintiff to obtain a writ of mandamus within three days. There is a very clear distinction between this case and the case of Seay v. Treadwell, in which the duty was not performed for about two months after the expiration of the time, and no excuse was given for its nonperformance, and no diligence shown by the plaintiff in error to secure its performance."

See also, citing the principal case, Perry v. Gunby, 41 Ga. 415.