## The Atlanta City Brewing Company *vs.* Hare.

Where, on the call of a case, the death of one of the parties was suggested and the case continued, but no order was taken to expedite it, under the 26th rule of this court upon the call of the case at the next term, no parties having been made, it will not again be continued, but the writ of error will be dismissed.

February 27 1884.

Practice in Supreme Court.   At February Term, 1884.

. This case stood on the docket of the September term, 1883, of the Supreme Court.   When called for argument, counsel suggested the death of defendant in error, and the case was continued.   From which side the suggestion of death came, does not appear from the minutes.   No order for proceeding by service or publication, under rule 26 of the Supreme Court, was taken, nor any other order than that for a continuance of the case.   When the case was called at the February term, 1884, no party defendant in error had been made; but counsel for plaintiff in error then moved to take an order to perfect service and to continue the case for that purpose.

The court refused the motion and dismissed the writ of error.

N. A. SMITH, for plaintiff in error.

GUERRY & SONS, for defendant.

JACKSON, Chief Justice.

The whole spirit of our constitution and laws runs counter to delays in the adjudication of cases in this court, and requires diligence in the preparation of cases for a speedy trial.   The plaintiff in error, at the last term, at which the death of defendant was suggested, had a remedy open to him to expedite and force parties to be made, or the record to be opened and the case heard at this term, under the 26th rule of court.   He neglected to do so, and is in default therefor.   45 *Ga.*, 312; 46 *Id.*, 566.   It is true that in those cases the motion to dismiss was made at a still later term, but the principle is the same, and the cases would, upon it, have gone out, doubtless, if a motion had been made at an earlier term.

The constitution constrains an adjudication at the second term, and rule 26th gives the means of reaching that result, no matter which party dies, if the living party be

diligent. Constitution, art. 6, sec. 2, par. 6; Code, §5134;. 41 *Ga.*, 32.

The fact that in the Dougherty cases, Mr. Dougherty was both party and counsel, prevent those cases from colliding with this ruling. Nobody was left to exercise diligence. Otherwise the Dougherty cases would collide with that in the 41st, *supra*, irreconcilably, and we would follow the 41st.

Writ of error dismissed.