*J. E. McDonald, A. L. Roache, D. Sheeks* and *J. Davis,* for appellant.

*J. H. Mellett,* for appellee.

---

## BLACK *v.* WEATHERS and Another.

VOLUNTARY ASSIGNMENTS.—SCHEDULE.—The schedule of personal property required by section two of the act regulating assignments for the benefit of creditors, (1 G. & H. 114,) is not part of the indenture of assignment, and need not be recorded with it in the recorder's office.

SAME.—The object of the act is to secure an equitable distribution of the debtor's estate, and when the indenture of assignment conforms to the

requirements of the act, and there has been a substantial compliance by the assignee, the courts should not, by a technical construction of the language of the act, defeat the evident purpose of the legislature.

APPEAL from the *Orange* Circuit Court.

RAY, J.—The appellant brought his action, claiming as assignee, by virtue of an assignment executed to him under the act providing for voluntary assignments for the benefit of creditors, and charging that one of the appellees had, subsequent to the execution of the instrument conveying the property, and the qualification of the appellant under the trust, obtained judgment against the assignors; that under his direction the sheriff of the county, who was also made a defendant, had levied an execution issued upon said judgment upon certain real estate included in the assignment, and was about to sell the same. The appellant prayed an injunction, and for other proper relief. A demurrer was sustained to the complaint, and judgment entered thereon.

It is insisted that as the injunction was refused, and the time fixed for the sale has now passed, a reversal of this judgment cannot avail the appellant. This may be true, so far as the prayer for an injunction is to be considered, but if the complaint is sufficient for the purposes of an injunction, the prayer for proper relief upon the facts stated required the court to determine the validity of the levy and the lien of the judgment attempted to be enforced upon the land.

The only point in which it is urged that the complaint is defective, is that it does not aver the filing in the office of the recorder of the county of the schedule, which by law is required to accompany the indenture of assignment.

The second section of the act "providing for voluntary assignments of personal and real property in trust for the benefit of creditors, and regulating the mode of administering the same," (1 G. & H. 114,) requires that "all assignments under the act shall be by indenture, duly signed and acknowledged before some person duly authorized to take

the acknowledgment of deeds, and shall, within ten days after the execution thereof, be filed with the recorder of the county in which the assignor resides, whose duty it shall be to record the same as deeds are recorded. The indenture of assignment shall contain a full description of all real estate thus assigned, and be accompanied by a schedule containing a particular enumeration and description of all the personal property assigned." It is also provided that "no assignment under this act shall convey to the assignee any interest in the property so assigned, until such assignment is recorded as provided for in this section." This section does not require that the schedule shall be made part of the indenture of assignment. If it were intended that the schedule should be part of the instrument itself, it could be of no moment whether the description of the real estate were contained in the instrument of assignment or in the accompanying schedule; but keeping in view the distinction between the indenture itself, which the section requires to be copied in the recorder's office, and the schedule, which it does not in terms require to be there recorded, the provision designating the instrument which shall contain the description of the real estate becomes important. The assignment transfers the title to real estate, and, in accordance with the policy of our statutes, should be placed upon record with all instruments having a like effect. The schedule contains simply a description and enumeration of all the personal property assigned, and as the next section requires that this property shall be "actually delivered into the possession of the assignee," it would not be in accordance with the legislative policy of this State to have the schedule placed upon the record of deeds in the recorder's office.

Again, the distinction between the instrument of assignment and the schedule accompanying it is still more distinctly recognized in the third section of the act, and it is there provided that "within fifteen days after the execution of any such assignment, the trustee shall file a

copy of the assignment and schedule in the office of the clerk of the Common Pleas Court." With that court is placed the supervision of the execution of the trust, and a copy of both instruments is required to be filed in the clerk's office of that court, to enable the judge thereof to fix the liability of the trustee by the extent of the trust estate. The language used in this section clearly indicates that the, requirement expressed in the former section did not include the recording of the schedule, as, in this section, that instrument is referred to in express terms.

The act, some provisions of which we have considered, discloses the legislative purpose in the enactment of the statute. That purpose was to enable debtors in embarrassed or failing circumstances to make, under the supervision of the court, an equal and just distribution of all their property. The act contains provisions protecting the creditors from attempted fraud on the part of the debtor, and subjecting to the trust property fraudulently omitted from the assignment or schedule. The intent of the act is to secure an equitable distribution of the debtor's estate, and prevent one creditor from obtaining undue advantage over others. When, therefore, the instrument upon its face conforms to the requirements of the act, and a substantial compliance has also been made by the trustee, this court should not, by a technical construction of the language of the law, defeat the evident legislative purpose. The demurrer should have been overruled.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

*W. Q. Gresham, J. H. Butler, J. H. Stotsenburg* and *T. M. Brown,* for appellant.

*J. & T. L. Collins,* for appellees.