Sackett *v.* The State, *ex rel.* Foreman.

———————— ◆•◆ ————————

No. 9302.

SACKETT *v.* THE STATE, EX REL. FOREMAN.

SCHOOL TRUSTEE.— *Vacancy.*—*Appointee can Hold until Successor is Elected.*—*Cities and Towns.*—A school trustee, appointed to fill a vacancy in the office of school trustee of a city, under the act of March 12th, 1875, Acts 1875, Reg. Sess., p. 135, is entitled, by force of the third section of the fifteenth article of the constitution of the State, to hold such office until a successor is elected and qualified.

Sackett *v.* The State, *ex rel.* Foreman.

SAME.—*Election.— Term of Office.—Statute Construed.*—By section 1 of said act, *supra,* it was intended to create in each town and city of the State a board of school trustees, composed of three members, one to be elected and take his office each year, and each to hold office for three years; but, in so far as said section prescribes the time when the election shall be held, it is directory only.

SAME.—*Election to be Held Annually in June, but Valid Election may be Held on Subsequent Day.—Case Distinguished.*—Under such section, successive annual elections for a school trustee should be held at the first regular meeting of the council in June; but this does not limit the power of the common council of a city to elect only on such day, and a valid election may be had upon a subsequent day. *The State, ex rel. Dickerson,* v. *Harrison,* 67 Ind. 71, distinguished.

From the Floyd Circuit Court.

*A. Dowling,* for appellant.

*J. H. Stotsenburg* and *J. S. Frazer,* for appellee.

WOODS, J.—Proceedings upon an information in the nature of a *quo warranto,* brought for the purpose of determining between the relator and the appellant, which was entitled to the office of school trustee of the city of New Albany. Error is assigned upon the overruling of the appellant's demurrer to the information. The question to be decided, however, is one of statutory construction entirely, and requires, in order to be understood, only an outline of the facts out of which the litigation has arisen.

Some time before the month of June, 1880, one of the school trustees of New Albany, whose term of office would .have expired on the first Monday of that month, had resigned the office, and the appellant, Sackett, had been duly appointed to fill the vacancy. At a regular session of the common council of the city, held on the 19th of July, 1880, the relator was elected such trustee in the place and as the successor of the appellant, and qualified and demanded the office, but the appellant continued to hold. No election of such trustee was made at the first regular meeting of the common council in June, 1880, or at a subsequent meeting, before the time of the relator's election, either because a

*quorum* of the council was not present, or because the council was unable to make an election at such meetings.

The act approved March 12th, 1875, Acts 1875, Reg. Sess., p. 135, sec. 1, provides that "The common council of each city, and the board of trustees of each incorporated town of this State, shall, at their first regular meeting in the month of June, elect three school trustees who shall hold their office one, two and three years respectively, as said trustees shall determine by lot at the time of their organization, and annually thereafter shall elect one school trustee who shall hold his office for three years; * * * All vacancies that may occur in said board of school trustees shall be filled by the common council of the city or board of trustees of the town, but such election to fill a vacancy shall only be for the unexpired term."

By force of the third section of the fifteenth article of the constitution of the State, the appellant, though appointed to fill only an unexpired term, was entitled to hold until his successor had been elected and qualified.

The case, therefore, presents this question: The city council having failed to elect a school trustee at its first regular meeting in June, could it lawfully elect in July?

Counsel for the appellant has stated his position in the following language: "The words of this statute are peremptory, definite and exclusive. A day certain is fixed for the first election, and every subsequent election is required to be held annually thereafter. But an election held upon any other day than the day of the first regular meeting in the month of June in each year, would not meet the requirement of the statute. No discretion is allowed to the common council. No provision is made for any postponement or adjournment of the election for any cause whatever, and it can not be fairly inferred, from the language of the act, that the Legislature contemplated that an election might be held on any other day than that fixed, appointed and de-

clared by the law. * * * The failure of the common coun-cil to elect at the time appointed by the statute suspended their power of election until the recurrence of the election day in the following year."

The counsel for the appellee on the contrary insist that, under the law, the duty to elect is imperative, and that, in so far as it prescribes the time when the election shall be had, the statute is directory only.

We concur in this position. The opposite view leads directly and necessarily to results which it is impossible to believe could have been intended by the Legislature, and which an examination of the provisions of the law will plainly show were not intended. A failure to elect at the appointed time, as may well have been conceived, is liable to happen from many causes. A quorum of the common council may be wanting on account of accident, or of sickness, or of absence of its members; and, when a quorum is not wanting, a tie vote may defeat a choice. But if it be held that a failure to elect suspends the power to elect until the recurrence of the prescribed day, it is easy to see that corrupt motives and influences may intervene for the purpose of preventing an election at the appointed time. If reasonably possible to be escaped, an interpretation of the law which promotes or tends to such results should not be adopted.

Returning to the provisions of the enactment under consideration, it may be safely affirmed that the legislative intent was to create in each town and city of the State a board of school trustees, composed of three members, one to be elected and take his office each year, and each to hold office for three years. This is the manifest general purpose of the act, with reference to which particular clauses or provisions should be construed.

It is true, as suggested by counsel for the appellee, that it is only the first election of these trustees which is expressly fixed for the first regular meeting in the month of

June, and that subsequent elections are only required to be had "annually thereafter," which, without violence to the language, may be interpreted to mean "once in each year thereafter." We do not doubt, however, that the proper construction is, that the successive annual elections should be held at the first regular meeting of the council in June. But this should not be deemed to be a limitation on the power to elect, which, if necessary, may as well be exercised at a subsequent time. If the power can not be exercised except on the day named in the statute, then a successor to the appellant can not be chosen before June, 1883 ;. and in every case of failure to elect at the first meeting in June, the incumbent may hold over for another full term of three years. The council "annually thereafter shall elect one school trustee, who shall hold his office for three years," says the law, and, if as counsel claims, this language is "peremptory, definite and exclusive," there can be an election of but one trustee each year, and as one vacancy occurs regularly each year, that alone can be filled ; and even if it be conceded that more than one may be elected at a time, there still remains the provision that the trustee so elected shall hold his office for three years ; and so it will result that instead of one trustee going out and his successor coming in annually, there may be two trustees and even the entire board to be elected at one time, which would frustrate entirely the design of the law in this important respect. There are, besides, no restrictive or negative words in the act which forbid an election on the next day, week or month, after the day named therefor. Our conclusion that such an election may be valid, though had after the appointed time, is not only supported by sound reason and the demands of public policy, but is in accordance with the current of authority.

Says Chancellor Kent, 1 Com. 461 : "The intention of the law-giver is to be deduced from a view of the whole, and of every part of a statute, taken and compared together. The

real intention, when accurately ascertained, will always prevail over the literal sense of terms." And to the same effect are *Lindley* v. *Braxton*, 27 Ind. 56 ; *Zorger* v. *The City of Greensburgh*, 60 Ind. 1.

In *The People* v. *Allen*, 6 Wend. 486, this language was used : "Where a statute specifies the time within which a public officer is to perform an official act regarding the rights and duties of others, it will be considered *directory* merely, unless the nature of the act to be performed, or the language used by the Legislature, shows that the designation of the time was intended as a limitation of the power of the officer." This statement of the law has twice before, at least, been quoted with approval by this court. *Nave* v. *King*, 27 Ind. 356 ; *Jones* v. *Carnahan*, 63 Ind. 229. See, also, *The Mayor, etc.*, v. *Weems*, 5 Ind. 547 ; *Black* v. *Weathers*, 26 Ind. 242 ; Dillon Munic. Corp., 3d ed., sec. 839 ; Dwarris Statutes, pp. 221, 228, and note ; Smith Const. Constr., secs. 670–674 ; Sedgwick Const. Law, 316–328 ; *The People* v. *The Trustees, etc.*, 51 Ill. 149 ; *Webster* v. *French*, 12 Ill. 302 ; *State* v. *Smith*, 22 Minn. 218 ; *State, ex rel.*, v. *Harris*, 17 Ohio St. 608 ; *Pond* v. *Negus*, 3 Mass. 230 ; *Williams* v. *School District, etc.*, 21 Pick. 75 ; *City of Lowell* v. *Hadley*, 8 Met. 180 ; *Ex Parte Heath*, 3 Hill, 42 ; *Gale* v. *Mead*, 2 Den. 160 ; *The People* v. *Holley*, 12 Wend. 481 ; *Jackson* v. *Young*, 5 Cow. 269 ; *Colt* v. *Eves*, 12 Conn. 242 ; *Savage* v. *Walshe*, 26 Ala. 619 ; *Rex* v. *Loxdale*, 1 Burr. 445.

The case of *The State, ex rel. Dickerson*, v. *Harrison*, 67 Ind. 71, is cited in support of the appellant's position, but it is so far distinguishable from this case that we need not consider whether it was well decided. The power to appoint a county superintendent of schools was involved in that case. The township trustees of the county composed the body in which was lodged the appointing power, and were required to meet on a day named, and biennially thereafter, for the purpose of making the appointment ; and, for the purpose

of filling a vacancy, they were authorized to meet on notice from the county auditor. Other than under these provisions the appointing body had no existence or express power to assemble. In the case referred to, the trustees met on the day fixed by law, but, failing to elect a superintendent, adjourned to the next day, when, no election being effected, they adjourned without day. They were afterward called together by the auditor, and made an election, which this court held invalid. It is plain that there was no vacancy to fill, because the incumbent under the constitution was holding over. There was, therefore, no authority in the letter of the law for the auditor's notice, and, without that notice, no warrant for the trustees coming together. It may well be doubted, however, whether, if an election had been accomplished upon the second day, or upon the day of an adjourned meeting, held within a reasonable time, it would have been declared invalid; and possibly, after the adjournment without day, a *mandamus* might lawfully have issued to compel a reassemblage, in order to perform the work which they ought to have done before adjourning. But we need decide nothing in respect to these subjects.

The case of *The Town of Williamsport* v. *Kent*, 14 Ind. 306, has not been referred to in the briefs, and we deem it unnecessary now to comment upon it.

The judgment is affirmed, with costs.

HOWK, J., absent.