## No: 9626.

### PEED ET AL. *v.* MILLIKAN, TREASURER, ET AL.

RAILROAD.—*Appropriation to Aid.*—*Statutes Construed.*—The power of counties and townships to vote aid to railroad companies is conferred and regulated by the act of May 12th, 1869, and the supplemental and amendatory acts of January 30th, 1873, and March 11th, 1875.

SAME.—*Tax.*—*Levy.*—*Percentage or Gross Sum.*—The levy of a tax in aid of a railroad company is not void because made in the shape of a *percentage* instead of a gross sum.

SAME.—*Defective Levy.*—*County Commissioners.*—*Power to Correct.*—If the order for the levy of a tax voted in aid of a railroad company is defective, it may be corrected at any time by the board of commissioners on application, or of its own motion. Though the law requires the levy to be made at the June session next after the vote, the duty to make it is absolute, and consequently the power to make it is not lost by a failure to exercise it at the right time.

SAME.—*Tax Placed on Duplicate Too Soon Enjoined.*—The law forbids the placing of a tax levy in aid of a railroad company upon the duplicate until the road has been permanently located in the county or township

which voted the same; and the collection thereof may be enjoined and the levy ordered stricken from the duplicate, notwithstanding the road may have been since located in the county or township which voted the aid.

SAME.—*Power of Auditor and Treasurer to Suspend Tax.*—The provisions of the laws whereby the auditor and treasurer are required to suspend the collection, and to carry the tax forward until the road has been located and money expended, etc., have reference to levies which had gone upon the duplicate before the inhibition against placing the tax on the duplicate until the road has been located was enacted.

From the Henry Circuit Court.

*M. E. Forkner, B. Harrison, C. C. Hines* and *W. H. H. Miller,* for appellants.

*J. H. Mellett* and *E. H. Bundy,* for appellees.

WOODS, J.—Action by the appellants as taxpayers of Henry township, Henry county, Indiana, against the appellees, to have a certain tax levy, in aid of the construction of a railroad, declared illegal and void, and to have the appellee Millikan, treasurer of the county, restrained from enforcing the collection of the tax so levied.

Not disputing the regularity and validity of the election whereby the township voted for the levy of the tax, the plaintiffs allege in their complaint, that, at the regular June session, in 1880, of the board of commissioners of Henry county, the following entry and order were made, to wit:

"In the matter of Railroad Appropriation by Henry Township: It appearing to the satisfaction of the board of commissioners, that, at the railroad election held in Henry township, Henry county, Indiana, on the 21st day of February, 1880, pursuant to the order of said board made on the 19th day of January, 1880, a majority of the votes cast were in favor of the appropriation of the sum of twenty thousand dollars ($20,000) to aid in building the New Castle and Rushville Railroad. Now, therefore, it is ordered by the board of commissioners of Henry county, Indiana, that the prayer of the petitioners heretofore filed, asking said appropriation, be, in all things, granted; and it is further ordered that a special

tax be, and the same is hereby, levied of 102-100 per cent. upon all the real and personal property in said township liable to taxation for State and county purposes, or, in other words, a sufficient per cent. of the taxable property of said Henry township to raise the said $20,000 appropriation; and it is further ordered that the half of one per cent. of said taxable property, or fifty-two cents per each one hundred dollars, be placed upon the tax duplicate of said Henry township for the year 1880, and 52-100 per cent. being more than one-half of said appropriation, to be collected in all respects as other taxes are collected for State and county purposes, upon the company complying with the statutes in this behalf."

The plaintiffs further aver, that in pursuance of this order there was placed on the tax duplicate of said township for the year 1880, 52-100 of one per cent., being more than one-half of the said appropriation; that neither at the time when the vote for the appropriation was taken, nor when the order of the board was made, nor when the levy was ordered, nor when the tax was placed upon the duplicate, had said railroad been located, nor was it known whether it would run through said township or not; and as a matter of fact said road was never located until about the 1st day of January, 1881, long after the tax was placed on the duplicate and the duplicate had passed into the hands of the defendant, the treasurer of the county; that no work in the way of constructing the road has been done, nor has twenty thousand dollars or any other sum been expended on the work, in said township; that the board of commissioners had no right or authority to levy said tax of 102-100 per cent. at the time when the same was levied, and no authority to place said tax or any part thereof on the duplicate before the railroad had been permanently located, and that the levy, whether the same be 102-100 or 52-100 of one per cent. is illegal and void.

That the defendant, the treasurer, is now demanding of the plaintiffs and other taxpayers of the township, payment of said tax with other taxes, and insists that the same is now due

and payable; that they have paid the instalments of all other taxes against them which are due and collectible, but said treasurer refuses to give receipts unless said special tax shall also be paid, and is threatening to treat the second instalment of taxes against the property of the plaintiffs as delinquent unless this special tax shall be paid on or before the the third Monday of April, 1881; that said special tax, so placed upon the duplicate and standing charged against the property of the plaintiffs and other taxpayers of the township, is a cloud upon their titles.

Upon these averments and other formal allegations, which need not be particularized, the plaintiffs pray that the levy and the placing of the same on the duplicate be declared illegal and void, the treasurer restrained and their titles quieted.

To this complaint the court sustained a demurrer for want of facts, and the appellants, abiding their exception, refused to amend.

The power of counties and townships to vote aid to railroad companies is conferred and regulated by the act of May 12th, 1869, and the supplemental act of January 30th, 1873, of which the second section was amended by the act of March 11th, 1875. 1 R. S. 1876, p. 735–740.

The twelfth section of the first named act is as follows:

" Sec. 12. If a majority of the votes cast shall be in favor of such railroad appropriation, the board of county commissioners, at their ensuing regular June session, shall grant the prayer of said petition, and shall levy a special tax of at least one-half the amount specified in said petition, but not exceeding one per centum upon the real and personal property in the county or township, as the case may be, liable to taxation for State and county purposes, which tax shall be collected in all respects as other taxes are collected for State and county purposes; and if the sum so levied shall not be equal to the amount specified in said petition, then the residue thereof shall be levied by said board of county commissioners at the June session of the following year."

The supplemental act of 1873, as amended in 1875, is as follows:

" Section 1. *Be it enacted,*" etc., " That no tax shall be placed upon the duplicate of any county for the purpose of taking stock or making donations to railroad companies, by any county or township, pursuant to the provisions of an act entitled 'An act to authorize aid,'" etc., " approved May 12th, 1869, until such railroad shall have been permanently located in the county or township making the donation or taking the stock."

" Section 2." (As amended in 1875) " That in all cases where stock has been taken or donations made by any county or township, for the purpose of aiding in the construction of any railroad, pursuant to the above entitled act, and the special tax authorized thereby has been placed upon the duplicate of the proper county for collection, the auditor and treasurer of such county shall suspend the collection of such tax, but the same shall be carried forward on the duplicate, without being returned delinquent, until such railroad is permanently located in such county or township, and has expended an amount of money, in the actual construction of such railroad in such county or township, equal to the amount of money to be donated to or stock to be taken in the said railroad company by said county or township, and if said railroad company shall not, within five years" (three years in act of 1873) " after said tax has been placed upon the duplicate for collection in the proper county, have expended, in the actual construction of said railroad in said county or township, an amount of money equal to the amount of money to be donated to, or stock to be taken in said railroad company by said county or township, the board of commissioners may, in their discretion, make an order annulling and cancelling such subscription of stock or donation of money, upon the application," etc. *"Provided, further*, That whenever it is shown to the satisfaction of the board of commissioners that the amount of work done, by any railroad company in any county or township taking stock in, or donating money to such railroad company, is equal to the

stock taken, or donation made, it shall be the duty of the board of commissioners to order said tax to be collected at once, as though the same had never been suspended: *And provided further,* That the provision of this act shall not apply to any railroad, in any case, where three years or more have elapsed since the tax, in aid thereof, shall have been placed on the tax duplicate for collection."

The last proviso was not in the act of 1873, and in that act it read "three years" instead of "five years," as indicated. Except in these particulars the original section 2 was the same as the amended section, *supra.*

Whether the levy, or the order therefor, which, it must be confessed, is unskilfully drawn, is invalid on account of uncertainty, we do not find it necessary to decide.   Taking the entire order into consideration, we incline to the opinion that it may be treated as showing a levy of fifty-two-hundreths of one per cent., and that it is not void because made in the shape of a per cent. instead of a gross sum.   Assuming, as counsel for the appellants contend, that the levy must be deemed to have been made upon, or with reference to, the duplicate of the preceding year, it is a percentage upon a definite and known sum, or sums, and the total amount is as certain as if the aggregate had been stated in figures.   *Id certum est, quod certum reddi potest.*

This question, however, is comparatively of slight importance.   If the order for the levy is defective, it is a matter within the power of the board of commissioners, at any time, on application, or of its own motion, to correct.   The law indeed requires the levy in such cases to be made at the June session of the board next after the vote was had, but the duty to make it, if regularly voted, is absolute; and if, for any reason, there is a failure to make it at the prescribed time, the power to make it is not thereby lost, and may be exercised afterward.   See *Sackett* v. *The State, ex rel.,* 74 Ind. 486.

As we have seen, it is the express requirement of the first section of the supplemental act of 1873, that no such tax shall

be placed on the duplicate until the railroad shall have been permanently located in the county or township making the donation or taking the stock. The complaint under consideration shows that, in disregard of this inhibition, the levy was carried onto the duplicate, and that the treasurer is threatening to proceed as if the tax had come properly upon the duplicate.

It is no answer to this that the road has since been located in the township, and that, by the second section of that act, as amended in 1875, the auditor and treasurer are required to suspend the collection, and to carry the tax forward on the duplicate until the railroad has been located, and money expended in its construction, in the county or township, equal to the amount of the donation, etc., and that, upon proper proof, in these respects, the board of commissioners is required to order the tax collected. These provisions do not modify or affect the meaning of the first section of the act, which applies only to taxes voted or levied after the passage of the act, or which, at least, had not yet been put upon the duplicate; while the provisions of the second section, in its original as well as amended form, refer mainly, if not entirely, to levies which had been placed on the duplicate before the act took effect. Under the first section, the placing of the particular tax in question upon the duplicate, assuming the validity of the order for the levy, was premature and unlawful. The complaint shows the fact, and, if true, entitles the appellants to a judgment or decree, declaring the duplicate illegal in respect to that tax, and restraining the treasurer from proceeding to collect it.

Judgment reversed, with costs, and cause remanded, with instruction to overrule the demurrer to the complaint.