## HENDERSHOT v. STATE, EX REL. BENNETT.

[No, 20,162.   Filed January 28, 1904.]

STATUTES.—*Amendment.*—*Title.*—*Constitutional Law.*—Under §21, article 4, of the Constitution, as construed, which requires the title of an act amended to be set out in full, an act seeking to amend an act having for its title "An act to establish a state board of health, defining its powers and duties, providing a system of registration, and report of vital and sanitary statistics in connection therewith, and prescribing the duties of certain officers in relation thereto; providing for town, city and county boards of health, prescribing penalties for the violation of the provisions thereof, fixing an appropriation for the expenses of the same, repealing acts in conflict therewith, and declaring an emergency" which omits from the title of the amendatory act the words "providing for town, city and county boards of health, prescribing penalties for the violation of the provisions thereof" is invalid.   *pp. 70-72.*

ELECTIONS.—*Statutory Provision as to Time.*—*Directory Only.*—*Health Boards.*—The provision of section eight of the act of 1891 (Acts 1891, p. 15) that the board of county commissioners "shall annually at their first meeting in December, elect a secretary, who shall be the executive officer of the board who shall serve as such health officer for one year from the first of January next ensuing his election" is directory only as to the time of performance.   *pp. 72-73.*

SAME.—*Health Boards.*—*Secretary.*—Where the board of commissioners failed to elect a secretary of the board of health at their first meeting in December as provided by the act of 1891 (Acts 1891, p. 15), and postponed such election until their meeting on the 5th day of the next month, the person so elected was entitled to the office from and after his election and qualification for the remainder of the term of office. *pp. 73, 74.*

162   69
f171  356

From Perry Circuit Court; *C. W. Cook*, Judge.

*Quo warranto* by the State, on the relation of James B. Bennett, against Claude T. Hendershot. From a judgment in favor of relator, respondent appeals. *Affirmed*.

*Philip Zoercher* and *N. E. Patrick*, for appellant.
*W. A. Land, S. H. Esarey* and *J. W. Ewing*, for appellee.

HADLEY, J.—*Quo warranto* for possession of the office of secretary of the board of health of Perry county. It is disclosed by the pleadings that the term of appellant, as an incumbent of the office, expired on January 1, 1903, and on January 5, 1903, the relator was by the board of commissioners of the county duly elected as appellant's successor in said office. Judgment that the relator was entitled to the office.

But two questions are argued, both of which arise upon the pleadings, and they are the only ones decided: (1) The constitutionality of an act of the General Assembly approved February 7, 1899 (Acts 1899, p. 17, §6715 *et seq*. Burns 1901,)purporting to amend sections five, eight, nine, ten, fourteen, fifteen, and sixteen of an act approved February 19, 1891 (Acts 1891, p. 15, §6711 *et seq*. Burns 1901)'; (2) whether the election of a secretary to a county board of health by the board of commissioners may be had on a day subsequent to that fixed by statute.

1. The question arises in this way: The relator was not at the time of his election "a graduate of a reputable medical college recognized by the state board of medical registration and examination," and if the amendatory act of 1899, *supra*, is valid, he is by section eight, as amended, ineligible to hold the office, and if the amendatory act is invalid he is, under the act of 1891, eligible. The amendatory act is assailed as being in violation of article 4, §21, of the state Constitution which reads thus: "No

act shall ever be revised or amended by mere reference to its title; but the act revised, or section amended shall be set forth and published at full length." It is firmly established by the decisions of this court that, under this provision of the Constitution, to amend a statute, the title of the act amended must be set out in full, and the section as amended must be set forth and published at full length. *Lingquist* v. *State,* 153 Ind. 542, and cases cited. Tested by this exposition of the Constitution the amendatory act of 1899, *supra,* must be held invalid, because it does not identify the act to be amended by setting out in full the title thereto. The failure is better shown by comparison. The title of the act of 1891 is as follows: "An act to establish a state board of health, defining its powers and duties, providing a system of registration, and report of vital and sanitary statistics in connection therewith, and prescribing the duties of certain officers in relation thereto; providing for town, city and county boards of health, prescribing penalties for the violation of the provisions thereof, fixing an appropriation for the expenses of the same, repealing acts in conflict therewith, and declaring an emergency." That of the amendatory act in question reads thus: "An act to amend sections five, eight, nine, ten, fourteen, fifteen, and sixteen of an act entitled 'An act to establish a state board of health, defining its powers and duties, providing a system of registration and report of vital and sanitary statistics in connection therewith and prescribing the duties of certain officers in relation thereto; fixing an appropriation for the expenses of the same, repealing acts in conflict therewith, and declaring an emergency.'" It will be noted that the words "providing for town, city and county boards of health, prescribing penalties for the violation of the provisions thereof" are omitted from the title of the later act. The infirmity produced by the omission is emphasized by the facts of this case, which relate exclusively to a county

board of health, while the proposition announced in the title of the amendatory act is to amend certain sections of a law which is limited to a state board of health.

It is doubtful if this title would be sufficient in an original act to support legislation concerning town, city, and county boards of health; and it is entirely clear that in the office of identifying a particular statute relating to town, city, and county boards, for purpose of amendment, under article 4, §21, of the Constitution, it must be held inadequate. The absence of the omitted words from the title makes such a radical restriction and change in the general import of the title of the act of 1891 that we can not attribute it to a clerical error, as is suggested. The amendatory act of 1899 being invalid leaves the act of 1891 in full force and effect.

2. It is not claimed that the relator was ineligible to the office of secretary under the provisions of the act of 1891, but it is insisted that the board of commissioners had no power to elect him at the time it undertook to do so. The act of 1891 (§8) provides that the board of commissioners shall annually at their first meeting in December elect a secretary, who shall be the executive officer of the board of health, and who shall serve as such health officer for one year from the first of January next ensuing his election. No election was had or attempted by the commissioners at their December meeting, but at their first meeting in January, to wit, January 5, 1903, the relator's election, under which he claims, was consummated. Did this election entitle him to the possession of the office on January 14, 1903, when this proceeding was begun? For the most excellent reason, it seems to be held by the courts everywhere that when a duty is imposed by statute upon public officers which affects the rights or duties of others, and the time of its performance designated, the officers will not be relieved of the duty by their failure to perform on the date specified, unless the language of the statute is

such that the designated time must be accepted as a limitation of the officers' power. In the absence of words of limitation, the prescribed time of performance will be regarded as directory only, and the duty to perform a continuing one subject to mandamus, by the party in interest, within a reasonable period. *Wampler* v. *State, ex rel.,* 148 Ind. 557, and authorities cited; *Gallup* v. *Schmidt,* 154 Ind. 196; *Sacket* v. *State, ex rel.,* 74 Ind. 486; Sutherland, Stat. Constr., §448; Endlich, Interp. of Stat., §436; Black, Interp. of Laws, 343. There are no words of limitation in the act of 1891, and nothing to indicate a legislative intent that if the commissioners failed to elect at their first meeting in December that they should not, do so at a subsequent time, and the case falls clearly within the rule announced. To hold the statute mandatory, and that the election of a secretary could not take place at any other time than that designated in the statute, would be to place it within the power of the commissioners to prevent an election altogether, and thus at each election period subject them to the wiles and artifices of designing persons.

But appellant further insists that if the relator was eligible to the office, and his election legal, he can not maintain this action for possession, because, having been elected January 5, 1903, the term for which he was elected did not begin till January 1, 1904. Again we are unable to sustain appellant's contention. The language of the statute relied upon is as follows: "They [board of commissioners] shall annually at their first meeting in December, elect a secretary, who shall be the executive officer of the board who shall serve as such health officer for one year, from the first of January next ensuing his election." It does not admit of a doubt that the legislature, in thus fixing the time for the commencement of the term, assumed that the commissioners would do their duty, and elect at the time appointed, and that it was intended that the term should begin in about one month after election, if the

person elected should so soon qualify. We must have regard for the intention of the legislature in construing the law, and avoid giving it an effect that it clearly did not intend. Under the law it is the duty of the commissioners to elect annually in December, and because they failed to perform that duty in December, 1902, and postponed the election to January 5, 1903, did not excuse them from electing again in December, 1903; and, under the construction contended for, we have the absurdity of two persons being legally elected to the office of secretary for the same term beginning January 1, 1904. On January 5 the commissioners had no power to elect, except to do what they had left undone on the first Monday in December previous. That which they left undone was to elect for the term beginning January 1, 1903, and for the purpose of identifying the term, as fixed by the legislature, we must consider the election as relating to the time designated by the statute for its accomplishment. This construction gives the statute a practical effect, evidently in harmony with legislative intent, avoids a long continued vacancy, and a holding over for a full term.

Judgment affirmed.