TOWN OF DUBLIN ET AL. v. STATE OF INDIANA, EX REL. KIRKPATRICK.

[No. 24,628. Filed June 24, 1926.]

1. MUNICIPAL CORPORATIONS.—*Irregularities in levy to pay for a local improvement constitutes no defense to contractor's action to compel payment by city of taxes collected, in absence of showing of injustice.*—The fact that a levy of taxes to pay for a local improvement under §10442 Burns 1926, §8711 Burns' Supp. 1921, was irregularly made and, in part, was against property not subject to assessment for that purpose, was no defense to an action of mandate by the contractor to compel the city to pay taxes collected for its part of the expense of the improvement, in the absence of any showing that any one who paid the tax against him was complaining of the levy or that the irregularities in the levy produced an unjust result.   p. 167.

2. STATUTES.—*Statute should be given construction compatible with justice and fair dealing rather than one that would result in injustice and unfairness.*—A statute should not be given a construction that would result in injustice and unfairness if the language will reasonably bear a construction compatible with justice and honesty in dealing.   p. 168.

3. OFFICERS.—*Effect of failure of officers to perform statutory duty at designated time.*—The failure of officers to perform a statutory duty at the designated time does not deprive persons entitled to insist that the acts be done of their right of performance unless the language of the statute shows a clear legislative intent that the duty and power of the officers to do such acts shall end with the expiration of the time fixed by statute for doing them.   p. 169.

4. MUNICIPAL CORPORATIONS.—*Town not released from obligation to levy and collect taxes to pay for local improvement by failure of officers to make any levy for a specific year.*—A town, having entered into a contract for the construction of a local improvement, is not released from the obligation to levy, collect and pay over to the contractor the amount due him for the work done merely because of the failure of its officers to levy an assessment at the precise time it should have been done, whether such failure was due to an honest mistake, a negligent dereliction, or a dishonest purpose. p. 169.

From Wayne Circuit Court; *William A. Bond,* Judge.

Action of mandate by the state on the relation of one Kirkpatrick against the town of Dublin and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Denver C. Harlan* and *Clarence M. Brown,* for appellants.

*A. R. Feemster,* for appellee.

EWBANK, J.—The relator, a street contractor, brought an action of mandamus against the appellant town and its officers to compel the payment of a balance due him for paving certain street and alley intersections and paving in front of the town hall, pursuant to a contract with the appellant town for the improvement of Main street therein. The court made a general finding in favor of the relator and entered a judgment commanding the town, by its proper officers, immediately to draw a warrant in favor of the relator for the balance found to be due him, with interest thereon, and to pay the same out of a fund derived from a general tax levied for the declared purpose of raising money with which to pay this claim. Overruling a demurrer to the complaint and overruling the motion for a new trial are assigned as errors, the only question being whether or not the town is liable to an action of mandamus under the facts alleged and proved.

The complaint alleged and the evidence showed sub-

stantially the following facts: That the defendant
town, by its board of trustees, duly ordered the im-
provement of Main street with concrete in accordance
with certain plans and specifications, and in April,
1918, let to the relator a contract for improving the
same at a price fixed.   That relator completed the work
in accordance with the contract, and on August 4, 1919,
an assessment roll was confirmed by which the cost of
paving certain street intersections and a space in front
of the town hall was assessed against the appellant town
of Dublin in the total amount of $2,629.45, and on Au-
gust 11, 1919, the board of trustees, by a resolution duly
passed and entered of record, allowed to relator for
such cost, as shown by the assessment roll, the sum of
$2,629.45.   That, at said time, the board ordered to
be paid, and the town did pay, to relator, in cash, $1,-
629.45 out of its general fund, and thereafter, when
the second installment of taxes collected that year had
been received, the town paid him the further sum of
$250, leaving a balance of $750 of the assessment un-
paid.   That the next year (1920), the town included in
its budget of taxes to be. levied and collected for the
year 1920, payable in 1921, fifteen cents upon each hun-
dred dollars of the taxable property of the town for
the purpose of paying the balance due the contractor,
which was included in the tax levy for that year as fixed
by the proper officers of the town, was duly certified
to the auditor of the county and reported to the State
Board of Tax Commissioners, and became and was
the established tax levy for said town for that year.
That this levy was sufficient to raise the sum of $770
for the purpose of paying said expense of street and
alley intersections, which sum was duly collected into
the treasury of the town, together with $1,478.34 be-
longing to the general fund and $739.17 belonging to
the road fund of said town.   But that the town then

refused and ever since has refused to pay relator any part of the balance due him, and it and its officers declare their purpose not to pay him anything more. The further facts were shown, without dispute, that upon paying the sum of $1,629.45, the town issued to the contractor four "contractor's certificates" for $250 each, payable in six, twelve, eighteen and twenty-four months, respectively, and that the certificate which first matured was surrendered and canceled when the further sum of $250 was paid six months later. But the facts alleged and proved clearly showed that these certificates were not negotiable by the law merchant, being mere memoranda of the amount due, with a statement when and from what fund the balance would be paid, so that their issue and acceptance did not constitute payment. And there was neither allegation nor proof nor any attempt to show that the owners, or any owner, of lots and lands subject to assessment for the cost of this improvement had paid more under the general levy of fifteen cents than they or any of them would have paid if a special assessment for the unpaid cost had been "levied in proportion to the value of said lands and lots, exclusive of the value of improvements thereon, as the same are assessed for general taxation," under authority of §10442 Burns 1926, §8711 Burns 1914, §2, ch. 172, Acts 1909 p. 412, 419, and amendments thereof, or that anybody not owning lots or lands subject to such an assessment had paid any of the taxes thus collected, or that anybody who paid had paid under protest, or was challenging or had challenged the town's right to collect the money for that purpose by the general levy made.

This being a debt due the contractor and payable out of money which it was the duty of the town to

1. assess and collect, either from all owners of taxable property, or in a designated proportion from

the owners of lots and lands within its corporate limits, and the town having made a levy and collected for that express purpose a fund sufficient, which was paid without objection by the owners of the property against which the levy was made and is in the town treasury, the mere fact, if it be a fact, that the levy was irregularly made, and in part was against prop-erty not subject to assessment for that purpose, is not a defense against relator's claim, where it does not appear that the irregular levy produced an unjust result, or that anybody who paid the assessment did so under circumstances entitling him to a refund of his money or any of it in case a proper levy should be regularly made, or is complaining of what was done. Therefore, it is not necessary to consider, and we do not decide, whether or not there were facts which really gave the town authority to proceed as it did.

But counsel insist that since the improvements were completed and a cash payment made upon the cost in August, 1919, and no levy was made that year
2.   to pay the cost of street and alley intersections, the right was gone to make a levy for that purpose, and that the contractor had no right to receive payment from a levy made the next year or any year thereafter. The statute, after providing that the city shall pay in cash out of its general fund the cost of paving street and alley intersections, etc., upon completion and acceptance of the work, if able to do so, and that otherwise the cost shall be paid from a fund which the city is authorized to raise by special assessments against all lots and lands in the city, in a proportion as stated, continued as follows: "Such special assessments shall be levied annually at the time of the annual levy of general taxes, and such levy shall be for such amount as is necessary to pay the cost, with interest thereon, of all work done during said year for which such spe-

cial assessments are levied. Said 'assessments shall be payable at the time of payment of general taxes." Counsel interpret the words *"for* which such special assessments are levied" to mean *"in* which" they are levied, and insist that this provision is mandatory, and that a levy made in 1920 could only be made to pay for "work done during said year." Such an interpretation would put it within the power of the board, by refusing or failing to make until after the end of the year in which work was done a levy sufficient to pay any balance remaining unpaid for such work, entirely to defeat the contractor's claim, even though the delay was due to negligence of the officers, or even to a dishonest purpose on. their part to escape payment of money earned and due. A construction leading to this result should not be adopted if the language will reasonably bear one compatible with an honest purpose faithfully to perform all contracts lawfully entered into.

It is a general rule that if a duty is imposed by statute upon public officers at a designated time to do acts which affect the rights of others entitled to 3, 4. insist that those acts shall be done, and which it is possible effectually to do at a later time, the failure of the officers to act promptly, at the time fixed by law, does not take away the right of persons on whose behalf the acts ought to be done to insist on performance, unless the language of the statute shows a clear legislative intent that the duty and power of the officers to do such acts shall end with the expiration of the time fixed by statute for doing them. *Peed* v. *Millikin, Treas.* (1881), 79 Ind. 86, 91; *Wampler* v. *State, ex rel.* (1897), 148 Ind. 557, 571, 47 N. E. 1068, 38 L. R. A. 829; *Landes* v. *State, ex rel.* (1903), 160 Ind. 479, 486, 67 N. E. 189; *Hendershot* v. *State, ex rel.* (1904), 162 Ind. 69, 73, 69 N. E. 679; *State, ex rel.,* v. *Scott* (1908), 171 Ind. 349, 356, 86 N. E. 409.

In the absence of a clear expression of such intent, we cannot assume that the legislature intended to release the town from its contract obligation to levy, collect and pay over to the contractor money which he had earned under a contract with it, merely because of any failure by its own officers to levy a sufficient tax or proper assessment on the property liable thereto at the precise time when they ought to have done so, whether such failure was due to an honest mistake, a negligent dereliction, or a dishonest purpose.

The judgment is affirmed.