State ex rel. Johnson vs. Judge.

No. 9085.

THE STATE EX REL. MOLLIE JOHNSON VS. W. T. HOUSTON, JUDGE OF CIVIL DISTRICT COURT, ETC.

A *mandamus* lies to compel the granting of a suspensive appeal from a judgment ordering the ejectment of a person and property from premises which such person claims the right to occupy under a written lease, where the application for the appeal is seasonable and accompanied by a proper bond, and the execution of the judgment would inflict irreparable injury, exceeding one thousand dollars.

The right of appeal is a constitutional one and cannot be abridged, whatever the effects may be which the enforcement of the same may occasion.

Ejectment judgments are not among those enumerated by law, in which a suspensive appeal does not lie.

APPLICATION for Mandamus.

Jos. P. Hornor and F. W. Baker for the Relatrix.

Respondent *in propria persona*.

The opinion of the Court was delivered by

BERMUDEZ, C. J.　This is an application for a *mandamus* to compel the district judge to grant a suspensive appeal from a judgment rendered by him, commanding the sheriff to eject summarily the relatrix and remove her household effects from certain premises, which she claimed to hold and occupy as lessee.

The complaint is, that the possession of said premises being worth to relatrix more than two thousand dollars; that her application for a suspensive appeal and tender of a bond for a sufficient amount having been made within the delay fixed by law; that the execution of the judgment being of a character to inflict on her an irreparable injury; that the proceedings in which said judgment was rendered having been carried on *ex parte;* that the district judge having refused to grant her a suspensive appeal and being willing to allow a devolutive appeal only, she is entitled to the relief which she seeks in this Court.

The district judge has made an elaborate return, the object of which is to establish the correctness of the judgment sought to be suspensively appealed from.

It is unnecessary to enumerate the different reasons thus assigned in justification of the decree complained of.

It may be that the judgment was correctly rendered and that on appeal it will be affirmed; but that is not the question now to be determined.

The relatrix complains that a judgment has been rendered against her, which, if executed, will work irreparable injury, and that she is entitled to a suspensive appeal from the same, having seasonably tendered an application and a bond for such appeal.

It is true that there are some judgments which become executory as soon as rendered, but they are specified by law. Those not included must be deemed as intentionally omitted by the law-giver.

It does not appear that the judgment sought to be suspensively appealed from belongs to the excepted class.

The right of appeal is a constitutional one and cannot be abridged, whatever the effects may be, which the granting or enforcement of the same may provisionally occasion.

Under the showing made, the relatrix is entitled to the remedy invoked.

_ It is, therefore, ordered and decreed that the alternative writ of *mandamus* herein issued, and the restraining order previously made, become peremptory and that accordingly the district judge, respondent herein, do grant the relatrix a suspensive appeal from the judgment mentioned in the petition and complained of, on her giving bond and security for such an amount as the law justifies, returnable to this Court according to law.