MEEK, CLERK, v. THE STATE OF INDIANA, EX REL.
LINNVILLE ET AL.

[No. 21,253.    Filed May 12, 1909.    Rehearing denied October 7,
1909.]

1. MUNICIPAL CORPORATIONS.— *Disannexation of Territory.— Appeal.*—Under §8917 Burns 1908, Acts 1907, p. 617, §10, an appeal lies from a decision of town trustees denying a petition for the disannexation of territory.  p. 658.

2. MANDAMUS.—*Complaint.—Requisites.—Disannexation of Territory.*—A complaint in mandamus against a town clerk to compel him to approve an appeal bond and to certify a transcript of the proceedings of the town trustees denying a petition for disannexation of territory, need not allege that such petitioners constitute "one-tenth or more in number of the lots," although proof of such fact must be made on the trial of such appeal (§8913 Burns 1908, Acts 1907, p. 617, §6).  p. 659.

3. MUNICIPAL CORPORATIONS.— *Disannexation of Territory.— Dismissal of Petition.—Appeal.*—A right of appeal exists, where a board of town trustees dismisses a petition for the disannexation of territory because of an insufficient number of signers.  p. 659.

4. MANDAMUS.—*Town Clerks.—Approval of Appeal Bonds.—Disannexation of Territory.*—Mandamus lies to compel a town clerk to approve an appeal bond, and to certify a transcript in a proceeding for the disannexation of territory, in which the petition therefor was denied, the petitioners having a right of appeal and of a trial de novo in the circuit court.  *Woolverton v. Town of Albany*, 152 Ind. 77, distinguished.  p. 660.

5. MUNICIPAL CORPORATIONS.—*Disannexation of Territory.—Statutes.*—Section 8899 Burns 1908, Acts 1905, p. 219, §245, authorizing the common councils of cities to disannex territory, is not applicable to towns.  p. 660.

6. MUNICIPAL CORPORATIONS.—*Disannexation of Territory.—Appeal.*—Apart from statute, no appeal lies from the decision of a board of town trustees denying a petition for the disannexation of territory.  p. 660.

7. MUNICIPAL CORPORATIONS.— *Petitions for Disannexation.— Refusal.—Appeal.*—The form of denial, by a board of town trustees, of a petition for the disannexation of territory is not material so far as the right of appeal therefrom is concerned.  p. 661.

8. MANDAMUS.—*Return.—Filing of Appeal Bond.*—Where the alternative writ of mandate alleges that an appeal bond was filed with the defendant town clerk, his answer that he had such bond

Meek *v.* State, ex rel.—172 Ind. 654.

only for the purpose of examination and that he returned it without filing is insufficient. p. 661.

9. APPEAL.—*Bonds.—Sureties.—Withdrawal.*—The sureties on an appeal bond cannot withdraw therefrom by notifying the clerk whose duty it is to approve the bond, that they desire to be released. p. 661.

10. MANDAMUS.—*Return.—Town Clerk.—Failure to Approve Appeal Bond.—Justification.*—The fact that a town clerk voluntarily placed an appeal bond out of his possession does not justify his failure to approve same. p. 662.

11. MUNICIPAL CORPORATIONS.—*Disannexation.—Statutes.*—Section 4230 Burns 1901, Acts 1877, p. 22, providing for the disannexation of unplatted suburban lots, forms no justification for a town board in refusing a petition to disannex platted suburban lots. p. 662.

12. APPEAL.—*Rehearing.—Questions Presentable.*—Only the questions raised on the original presentation of an appeal can be considered in a petition for a rehearing. p. 663.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Action by The State of Indiana, on the relation of William J. Linnville and others, against Walter R. Meek, as clerk of the town of Jonesboro. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Dan Dilla* and *Blacklidge, Wolf & Barnes,* for appellant.

*Robert T. St. John, William H. Charles* and *Willard B. Gemmill,* for appellee.

MONTGOMERY, J.—An alternative writ of mandamus was issued, upon the application of relators, requiring appellant, as clerk of the town of Jonesboro, to approve a certain appeal bond, and to make out and transmit to the circuit court a transcript of the proceedings seeking to disannex Kempton Heights addition from said town, or to show cause why the same should not be done.

The alternative writ averred that the relators, and others for whom they sue, were residents and owners of various town lots in Kempton Heights addition to the town of Jonesboro, which had long been an addition to said town, and that appellant is clerk of said town; that relators and others

had filed a petition before the board of trustees of said town, praying for the disannexation of said addition, and had caused notice that the same would be presented to the board at the regular meeting to be held on Novebmer 5, 1907, to be duly given by publication in the Jonesboro Herald, a newspaper published in said town; that on said date they caused said petition to be presented to said board, which took the same under consideration, and at such meeting denied the prayer of their petition and refused to disannex said addition; that afterwards, on November 15, 1907, they filed with appellant, as clerk of said town, a bond, for an appeal from said order of the board to the Grant Circuit Court, in the sum of $500, executed by Ansel R. Harris and Nelson L. Elkins, as sureties, who were and are freeholders of said county and available security for the penalty of said bond, a copy of which is filed with the writ; that appellant as such clerk refused to approve said bond and to make a transcript of the aforesaid proceedings for such appeal, and at 10 o'clock on the night of November 15, 1907, threw said bond, without his approval, into the house of one of the relators, and asserted that he would not accept any bond for such appeal.

Appellant's demurrer to this writ, on the ground of insufficient facts, was overruled, and he made return or answer in two paragraphs. The first paragraph admitted the averments of the alternative writ, and alleged that the board of trustees of said town held a regular meeting on November 5, 1907, solely for legislative purposes and to pass upon claims, and that the business then transacted was the reading and approving of minutes of previous meetings and allowing certain claims, and thereupon said board introduced and adopted the following resolution:

"Be it resolved by the board of trustees of the incorporated town of Jonesboro, Grant county, Indiana, in its legislative capacity, (1) that it would be detrimental to the inhabitants of said incorporated town of Jones-

boro to grant the prayer of the petition of William J. Linnville and others for the disannexation of certain territory described in said petition. (2) That said disannexation would work a great injury to said town, and said disannexation is therefore hereby refused, and said petition is denied.''

No other business was transacted at said meeting, relators' petition was not taken up for trial, no evidence relating thereto was heard, and no order touching the same was made, other than the adoption of said resolution.

The second paragraph contained all the allegations of the first, and further averred that appellant had said bond only for the purpose of examination, and did not file or approve the same, but returned it as alleged, and that since said date relators have never redelivered or offered to redeliver the same to him, but after the commencement of this proceeding, to wit, on January —, 1908, the signers of said bond notified appellant in writing that they would not stand as principals or sureties thereon, and not to approve the same, and that he cannot approve said bond, for the reason that the same is not in his possession, and has not been tendered to him since November 15, 1907.

Demurrers, on the ground of insufficient facts, were sustained to each paragraph of answer, and, appellant declining to amend, final judgment was rendered in ·favor of the relators.

The assignment of errors calls in question the decisions of the court in overruling appellant's demurrer to the complaint, and in sustaining demurrers to each paragraph of his answer.

The relators' petition for disannexation was predicated upon section six of the act of April 10, 1907, ''concerning the vacation of plats of land or any part thereof, and for the disannexation of territory from the corporate limits of cities and towns.'' Acts 1907, p. 617, §8913 Burns 1908. It is provided by said section that the owners

of one-tenth or more in number of the lots in any addition to any town may file their petition in writing with the board of trustees of such town praying for the disannexation of the entire addition, if any part thereof shall form the corporate boundary of such town. A copy of the plat must be filed with the petition, and notice of the filing and time of hearing, given by publication, as provided in section nine of the act (§8916 Burns 1908). Remonstrances against the granting of the petition may be filed, and such order shall be made by the board hearing the same "as shall be just and equitable in the premises."

Section ten of said act (§8917 Burns 1908) reads as follows: "When authority is herein given to and conferred upon the board of public works or common council of

1. any city or the board of trustees of any town, to hear and determine any matter, such board or council shall have the power to call witnesses by subpoena to appear before it, to punish for a contempt of its· authority, and to adjourn its hearings from time to time as to said board or council may seem expedient. An appeal will lie from the decision of any board to the circuit court of the county where any of the lots or lands affected lie, whereupon said matters shall be tried *de novo* with like proceedings as other civil actions. The party or parties appealing to the circuit court under this act shall give bond with solvent surety, freehold, and resident in the county where any such lots or lands are situate, to the clerk of the city or town from whose board or council the appeal is prosecuted, to be approved by such clerk, conditioned for the due prosecution of such appeal and the payment of all costs accrued or to accrue against such appealing party or parties, in such sum as such clerk shall deem adequate. Upon the giving and approval of such bond it shall be the duty of the clerk of such city or town forthwith to make a correct transcript of all proceedings in such cause and to certify the same, together with all papers in the proceedings, to the clerk of the court to which such appeal

is prosecuted. Appeals will lie, as in all civil cases, to the appellate and supreme courts."

Appellant insists that the alternative writ is insufficient, for the reason that no appeal is authorized from the order or decision of the board of trustees made in this proceeding. Provision is made by this act for adversary proceedings upon a petition for the disannexation of territory from a city or town, and a right of appeal from the decision of the board in denying the prayer of such petition is given in such plain and unmistakable terms as to leave little room for discussion. The board arbitrarily and summarily denied the prayer of relators' petition for disannexation, and fully and finally disposed of the matter so far as their jurisdiction and power extended, and thereupon a right of appeal accrued in the petitioners under the statute before quoted.

It is further argued that the alternative writ of mandate to be good should have contained an allegation that the petitioners for disannexation were "the owners of one-tenth or more in number of the lots" in Kempton Heights addition. This position is not tenable. It is quite true that the relators cannot succeed ultimately upon appeal, without establishing the fact that they are the owners of one-tenth in number of the lots in said addition, but the suggested allegation goes to the merits of the appeal rather than to the right to take an appeal, and as a general rule the merits of a controversy will not be determined in a proceeding to enforce a right of appeal. *Kinzer* v. *Independent School Dist.* (1906), 129 Iowa 441, 105 N. W. 686, 3 L. R. A. (N. S.) 496; 2 Cyc., 816.

If the board of trustees had dismissed the proceeding upon the ground that the petition was not signed by the required number of petitioners, a right of appeal from that order would doubtless have existed. It appears that relators duly petitioned the board for disannexation, and gave notice of such petition and of the time when the same would be heard; and at the time specified the board

assumed jurisdiction of the matter, and denied the prayer of the petition upon the merits of the case. This proceeding, having been finally disposed of by the board, the petitioners were entitled to take an appeal to the circuit court, where the matter would be tried *de novo*, as a civil action. The duties of appellant in this connection were specifically prescribed and ministerial in character, and their performance may be compelled by writ of mandamus upon the facts alleged. *Coats* v. *State, ex rel.* (1892), 133 Ind. 36; *Copeland* v. *State, ex rel.* (1890), 126 Ind. 51; *State, ex rel.,* v. *Cressinger* (1883), 88 Ind. 499; *Board, etc.,* v. *State, ex rel.* (1878), 61 Ind. 379; *Jones* v. *Payne* (1870), 41 Ga. 32; *Rodgers* v. *Alexander* (1871), 35 Tex. 116; *Pettigrew* v. *Washington County* (1884), 43 Ark. 33; *State, ex rel.,* v. *Houston* (1884), 36 La. Ann. 210; *Patton* v. *Williams* (1898), 74 Mo. App. 451.

Appellant's counsel seek to sustain their first paragraph of answer under §4230 Burns 1901, Acts 1877, p. 22, and upon the authority of the case of *Woolverton* v. *Town of Albany* (1899), 152 Ind. 77. Section 4230, *supra,* was repealed by section 272 of the act of March 6, 1905 (Acts 1905, p. 219), "concerning municipal corporations." Reference is also made to section 245 of said act of 1905 (§8899 Burns 1908); but that section does not include towns, and only authorizes the common council of a city by ordinance to disannex territory. Prior to the enactment of the statute of 1907 no appeal to a court was authorized from the decision of a municipal board with respect to the disannexation of territory, and the matter of disannexing was properly held to be a legislative act. The case last cited arose when §4230, *supra,* was in force, and prior to the statute conferring a right of appeal; and this court, declaring the law under the statutes then existing, correctly held that the power to change the boundaries of a city or town was legislative in character, and as no law had vested in the courts the power to disannex territory or

prescribed any conditions upon which the courts might acquire such right and power, it could not be exercised, and the court was without authority to disturb the action of a board of town trustees in refusing to act upon a petition for disannexation. It is immaterial under the present law whether the act of the town board in denying relators' petition

7. be characterized as legislative or *quasi*-judicial. It is clear that the board could not, by embodying its decision in the form of a resolution and adopting the same, with or without hearing evidence, preclude the parties from exercising their right to an appeal, or, in other words, the character and effect of the act cannot be altered by the mere form of procedure. *State, ex rel., v. Wagner* (1908), 170 Ind. 144.

The second paragraph of answer is no better than the first. It is alleged in the alternative writ that the appeal bond was filed with appellant as clerk. A paper is considered

8. filed, in law, when it is delivered to the proper officer and by him received for the purpose of filing. *Oats v. State* (1899), 153 Ind. 436; *Powers v. State* (1882), 87 Ind. 144; *Johnson v. Crawfordsville, etc., R. Co.* (1858), 11 Ind. 280; *Engleman v. State* (1850), 2 Ind. *91, 52 Am. Dec. 494.

Appellant attempted argumentatively to deny the filing, by alleging an undisclosed purpose or intention, but these averments are not sufficient to negative the charge in

9. the writ. No provision has been made by law, and no conditions were inserted in the bond, by which either the principals or sureties could be discharged from its obligations after final execution by a mere notice to any one. It follows that after the signing and delivery of the bond, as alleged, it could only be rescinded by mutual agreement of the parties and the officer or court having jurisdiction over it, or by a competent court in a proper proceeding upon a showing of fraud, duress or ground sufficient to invalidate its execution. The mere giving of a notice of a desire to re-

scind, after the right of appeal had accrued by virtue of the filing of the bond, would be ineffectual to annul its force. *Covert* v. *Shirk* (1877), 58 Ind. 264; *Napier* v. *Gidiere* (1855), 7 Rich. Eq. (S. C.) 254.

The averment that appellant could not approve a bond, because voluntarily placed out of his possession, is inconsistent with other allegations and the manifest theory of the paragraph, and in no event could be made available by him as a defense. In our opinion no error was committed in sustaining demurrers to both paragraphs of answer or return.

The judgment is affirmed.


## ON PETITION FOR REHEARING.

MONTGOMERY, C. J.—In support of appellant's petition for a rehearing, counsel insist that §4230 Burns 1901, Acts 1877, p. 22, is not within the purview of the act of March 6, 1905 (Acts 1905, p. 219), "concerning municipal corporations," and hence was not thereby repealed. The act of 1877, *supra*, relates only to the disannexation of unplatted suburban lots or tracts of ground, and for that reason forms no basis or justification for the board's denial of the petition to disannex the platted addition mentioned in this proceeding. This fact meets and disposes of appellant's claim that under §4230, *supra*, the town board had discretionary power to grant or deny the petition for disannexation, and from its action no appeal to court was authorized.

This holding renders it unnecessary for us to decide in this case whether the act of 1877, *supra*, was repealed by the act of 1905, *supra*. The declaration in the original opinion, to the effect that the former act was repealed by section 272 of the latter act, is withdrawn, and the opinion is to be regarded as modified to that extent. See *State, ex rel.*, v. *Ives* (1906), 167 Ind. 13.

The constitutionality of section ten of the act of March 12, 1907 (Acts 1907, p. 617, §8917 Burns 1908), granting a right of appeal to the circuit court from the action of boards in these matters, was not questioned in the original briefs, and that question cannot now be raised or considered. *Indiana Power Co.* v. *St. Joseph, etc., Power Co.* (1902), 159 Ind. 42; *Armstrong* v. *Hufty* (1901), 156 Ind. 606, and cases cited.

The petition for rehearing is overruled.