JOHNSON ET AL. v. PARIS, TRUSTEE, ET AL.

[No. 11,207.    Filed March 30, 1922.]

APPEAL.—*Moot Question.—Dismissal.—Enjoining Construction of Building.—Completion of Building.*—In an action to enjoin a township trustee and members of a township advisory board from letting the contract for the construction of a gymnasium, an appeal from a judgment for defendants will be dismissed as involving a moot question, where it appears that the building has been constructed, accepted and paid for.

From Johnson Circuit Court; *Fremont Miller,* Judge.

Action by Robert J. Johnson and others against James T. Paris, township trustee, and others.    From a judgment for defendants, the plaintiffs appeal.    *Appeal dismissed.*

*R. M. Miller, H. C. Barnett* and *O. S. Barnett,* for appellants.

*Henry E. White, George I. White* and *Fred R. Owens,* for appellees.

McMAHAN, J.—Complaint by appellants to enjoin appellees as trustee and members of the advisory board of White River school township in Johnson county from letting a contract and expending the funds of said township for the construction of a gymnasium for the high school of said township.    The court sustained appellees' demurrer to the complaint and rendered judgment against appellants, from which they appeal.

Appellees have filed a motion to dismiss and in support of such motion show that the contract for the construction of the gymnasium has been let, that the building has been completed, accepted, and paid for, and is now being used by the township.    It thus appears that appellants would be precluded from obtaining any relief under their complaint, if the court should decide the question presented by the assignment of error in their favor.    As said by the Supreme Court in *Crapo* v. *City*

*of Gary* (1920), 190 Ind. 8, 129 N. E. 6: "It would be idle for the court to consider or to decide the question so presented. The court will not decide a question which involves no real controversy. Such a question is regarded as moot, and the court will not decide it, for the purpose of settling costs."

The appeal is therefore dismissed.