BALTIMORE AND OHIO RAILWAY COMPANY *v.* SLIGER.

[No. 23,832.   Filed November 21, 1923.   Rehearing denied April 2, 1924.]

1. MASTER AND SERVANT.—*Negligence.*—*Federal Safety Appliance Act.*—*Complaint.*—*Sufficiency.*—*Statutes.*—A complaint for injury to a locomotive engineer while operating an interstate train, resulting from the engine he was driving leaking steam into the cab, when construed as based on a violation of the federal Safety Appliance Act and the federal Employers' Liability Act (§§8631, 8639a, 8657 *et seq.* U. S. Comp. Stat. 1916, Act Feb. 17, 1911, ch. 103, §2, Act March 4, 1915, ch. 169, §1, Act April 22, 1908, ch. 149), *held* sufficient to withstand demurrer.   p. 443.

2. MASTER AND SERVANT.—*Violation Federal Safety Appliance Act.*—*Violation Federal Employers' Liability Act.*—*Evidence.*—*Sufficiency.*—Evidence *held* sufficient to sustain verdict for plaintiff in an action based on a violation of the federal Safety Appliance Act (Act Feb. 17, 1911, ch. 103, §2, Act March 4, 1915, ch. 169, §1, §§8631, 8639a U. S. Comp. Stat. 1916, and the federal Employers' Liability Act, Act April 22, 1908, ch. 149, §8657 U. S. Comp. Stat. 1916).   p. 445.

3. MASTER AND SERVANT.—*Interstate Traffic.*—*Violation Federal Safety Appliance Act and Employers' Liability Act.*—*Assumption of Risk.*—*Contributory Negligence.*—*Not a Defense.*—In an action for injuries to an employee of a railroad while engaged in interstate traffic, caused by the operation of a locomotive engine in violation of the federal Safety Appliance Act and the federal Employers' Liability Act (Act Feb. 17, 1911, ch. 103, §2, Act March 4, 1915, ch. 169, §1, Act April 22, 1908, ch. 149, §3, §§8631, 8639a, 8657 U. S. Comp. Stat. 1916) neither assumption of risk nor contributory negligence constitutes a defense.   p. 446.

4. DAMAGES. — *Personal Injuries.* — *Tubercular Condition of Lungs.*—*Complete Disability.*—A verdict for $10,000 for personal injuries resulting in a tubercular condition of both lungs which developed into acute asthma and double bronchitis to the extent that the plaintiff was wholly disabled was not excessive.   p. 447.

5. APPEAL. — *Review.* — *Evidence.* — *Admissibility.* — *Objections.*—An appellant is limited to the objections to the admissibility of evidence which were made in the trial court.   p. 447.

6. TRIAL.—*Hypothetical Question as to Cause of Injury.*—*Form of.*—In an action for personal injuries resulting in a tubercular

condition of the lungs, which developed into acute asthma and double bronchitis, hypothetical questions to physicians that had examined plaintiff asking whether recited facts, of which there was evidence, "could" produce the conditions which each testified that he had found in plaintiff, were not objectionable on the theory that they asked as to possibilities instead of probabilities, and were not harmful to defendant where each witness stated, on cross-examination, that the conditions found also might have resulted from a case of pneumonia prior to the exposure which caused his injury, if there had not been a complete recovery therefrom. p. 448.

7.   TRIAL.—*Action for Personal Injuries Resulting in Sickness.— Evidence.—Defendant's Record of Plaintiff's Absence from Work.*—In the trial of an action for personal injuries resulting in plaintiff's illness and total disability, evidence concerning the amount of time plaintiff had been off duty, as shown by a record compiled in defendant's office by persons having no knowledge of any fact therein stated except that he did not work and was reported sick could have no tendency to prove that plaintiff was suffering with any particular kind of illness at and immediately before the time of the injury sued for, that occurred after the lapse of years, during which time, he worked every day, except for an occasional absence of a few days at a time. p. 449.

8.   APPEAL.—*Rules of Supreme Court.—Briefs.—Points and Authorities.—Rehearing.*—Under Rule 22 of the Supreme Court, a point not contained in the statement of points in appellant's original brief cannot be raised on petition for rehearing. p. 450.

From DeKalb Circuit Court; *Dan M. Link,* Judge.

Action by Ezra A. Sliger against the Baltimore and Ohio Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*C. C. Clarke, H. W. Mountz* and *J. D. Brinkerhoff,* for appellant.

*James R. Nyce, F. A. Nash, Oak Husselman, W. P. Endicott* and *Edgar W. Atkinson,* for appellee.

EWBANK, J.—Appellee recovered a judgment for $10,000 damages because of alleged personal injuries. Appellant's demurrer to the complaint for alleged want of sufficient facts and its motion for a new trial were each overruled and it excepted,

and has assigned each ruling as error. The complaint alleged, in substance, that defendant (appellant) was a corporation engaged in operating a railroad that extended across the states of Ohio and Indiana, and that plaintiff (appellee) was in its employ as a locomotive engineer, running trains over a division that extended from Willard, Ohio, to Garrett, Indiana; that on the afternoon of December 11, 1917, plaintiff was called at Willard to run engine No. 4,283, pulling a train to Garrett, and did so operate said engine pulling said train, and that, in so doing, he and the defendant engaged in interstate traffic; that, at said time, the weather was very cold, and the thermometer registered eighteen degrees below zero; that said locomotive engine was defective and in an unsafe and dangerous condition in that certain parts of it were loose and certain other parts were broken, so that it leaked steam into the cab, which condition had been duly reported and called to the attention of the defendant company, but it had failed and neglected to remedy such defects; that under the order and direction of defendant to do so, plaintiff took charge of said engine and ran it and the train to Garrett while the steam was so leaking from such defects; that the escaping steam condensed so that the engineer could not see the signals from inside the cab and saturated his clothing and froze there, so that he was thereby chilled, and made sick with a cold that developed asthma and other impairment of his bronchial tubes and lungs, and made him unable to work; that he was before a strong, able-bodied man, forty-three years old, in good health, capable of earning and was earning $1,800 per year, and that his disability was due to the negligence and wrongful conduct of defendant in so employing plaintiff to run and operate said engine in its said condition. Other averments in the complaint not set out above are relied on by appellant to support

its contention that the pleader must have proceeded on a theory on which it insists no cause of action was stated. But it is obvious that the trial court acted throughout on the assumption that the complaint sought a recovery for injuries sustained by reason of a violation of the federal Safety Appliance Act and Employers' Liability Act passed by Congress (§§8631, 8639a, 8657, *et seq.*, U. S. Comp. Stat. 1916, Acts Feb. 17, 1911, ch. 103, §2, Acts March 4, 1915, ch. 169, §1, Acts April 22, 1908, ch. 149). As so construed, the complaint was sufficient to withstand the demurrer, and no error was committed in overruling it. *Great Northern R. Co.* v. *Donaldson* (1918), 146 U. S. 121, 38 Sup. Ct. 230, 62 L. Ed. 616, Ann. Cas. 1918C 581; *Texas & Pacific R. Co.* v. *Rigsby* (1916), 241 U. S. 33, 36 Sup. Ct. 482, 60 L. Ed. 874; *Grand Trunk W. R. Co.* v. *Lindsay* (1914), 233 U. S. 42, 34 Sup. Ct. 581, 58 L. Ed. 838, Ann. Cas. 1914C 168.

Another engineer testified that he ran engine No. 4,283 into Willard "preceding the trip" when plaintiff brought it and the train to Garrett on December 11, 1917, and that it leaked steam pretty badly in the cab, and that he reported the defects on his arrival at Willard. All the other evidence relating to the manner in which plaintiff was injured consisted of his own testimony, as follows: That he was "called" by the crew dispatcher for 2:00 p.m. on December 11, 1917, to take out another engine, and reported twenty minutes before that hour to look over the engine and get it ready, but found that there was a broken drawbar on the tank, and so did not take it out; that he was again called, later in the afternoon, for engine No. 4,283, and found it standing on the "ready track", fired up, but with only a small steam pressure; that the purpose of the "ready track" was for setting engines out to be ready to go on runs; that he backed the engine out

upon the main track and down to the train a mile west of there, connected it with the train of thirty-seven cars, tested the air, and then started to Garrett, at about 5 p.m.; that the engine was leaking some steam on a pressure of 100 pounds when he went to it, but while they were coupling up and testing the air, and getting the train ready to go, the pressure rose to 200 pounds, and when he opened the throttle in starting the train and the boiler expansion made the pressure greater, it leaked steam very badly, and after they got to working the engine, steam filled the cab until he could not see across it to the other side and could not see a signal through the window; that steam blew up between his feet and legs, and condensed in the cab until it dripped down and saturated his clothing, and the clothing became frozen; that he could not see through the glass of the windows, and the steam was so thick that he could not breathe, and so the window had to be kept open; that the leaks could have been stopped by repacking certain valves and mending a broken pipe, but to do this was no part of the engineer's work, and he had no materials with which to make such repairs; that the weather was very cold and the thermometer marked fifteen or eighteen degrees below zero; that the train ran to Garrett in about seven hours, and by reason of the exposure, he took a bad cold, so that he could not speak above a whisper, and that permanent disability resulted, as was alleged in the complaint. The evidence was sufficient in the particulars challenged to sustain the verdict in favor of plaintiff.

In an action for injuries to an employee of a railroad while engaged in interstate commerce, caused by the operation of a locomotive engine in violation of

3.    the statutes requiring it to be in proper condition and safe to operate in that service, upon the facts proved in this case, neither assumption of risk nor

contributory negligence in running the engine to the end of the division with knowledge that the steam was leaking constituted any defense. §§8631, 8639a, 8659 U. S. Comp. Stat. 1916; Act Feb. 17, 1911, ch. 103, §2, Act March 4, 1915, ch. 169, §1, Act April 22, 1908, ch. 149, §3. There was no error in so instructing the jury, nor in refusing to give the requested instructions to the contrary.

Appellant complains of the size of the verdict. There was evidence to the effect that a year or more after his trip in the steam-filled cab, when his clothing became wet and frozen, one of plaintiff's lungs had developed such a condition that it was almost useless, so that he could breathe only with the bronchial tubes, besides some tubercular affection of the other lung, and that he had double bronchitis and acute asthma to the extent that he was wholly disabled, and that, before his exposure, he had been strong and well. We cannot hold that the damages are excessive.

Hypothetical questions were asked by counsel for plaintiff on direct examination of physicians procured by him as expert witnesses, calling for an opinion as to whether certain facts of which there was evidence "could produce the condition" which each testified he had found to exist on making a physical examination of plaintiff. To each question, defendant offered the objection that it did not "call for an expert opinion of the witness as to what would be the result of the conditions described in the question", which objection was overruled and defendant excepted. The objection urged on appeal is that by the use of the word "could" each question was made to inquire whether or not there was a possibility that plaintiff's condition might result from the exposure on the night referred to, whereas the questions should have called for an opinion as to the probability of its being produced by that cause.

It may well be doubted whether the objection made at the trial presents the question argued on appeal, within the rule that an appellant is limited to those objections to the admissibility of evidence which were made in the trial court. *Musser* v. *State* (1901), 157 Ind. 423, 61 N. E. 1; *Pittsburgh, etc., R. Co.* v. *Martin* (1901), 157 Ind. 216, 226, 61 N. E. 229; *Reddick* v. *Young* (1912), 177 Ind. 632, 640, 98 N. E. 813.

But granting, without deciding, that the objection was specific enough and covered the point, we think it is clear that appellant was not harmed by the irregular form of the question. It was shown without dispute by the evidence of physicians who testified on behalf of defendant as well as by those whom plaintiff called, that plaintiff's lungs were seriously affected at the time of the trial. Each physician stated on cross-examination that the condition found also might have resulted from a case of pneumonia prior to this exposure, from which there had not been a complete recovery, or from a protracted case of bronchitis. So that the answers to such hypothetical questions could not have induced the jury to find for plaintiff unless they believed the evidence to the effect that at the time of the exposure he was and for some years had been well and strong, and disbelieved defendant's evidence that he had never fully recovered from the pneumonia with which he was afflicted six or seven years before. The trial court did not err in overruling appellant's motion for a new trial.

The judgment is affirmed.

### ON PETITION FOR REHEARING.

EWBANK, C. J.—Appellant complains of our failure to discuss objections made to the trial court's instruction No. 14. The injury sued for, if suffered at all, was inflicted in December, 1917. The evidence as set

out in appellant's brief included a recital of testimony that records kept by the defendant company recorded that in the period (of fifteen years) during which plaintiff had been in the employ of defendant before the date of the alleged injury he had been absent from work a total of 450 days when he reported himself sick, and that, in the winter of 1909 and 1910, he was reported as ill with pneumonia, and, at that time, was away from work sixty-three and three-fourths days. But the witness who gave this testimony was not a physician, had no personal knowledge of the facts so recorded, and testified that the record was compiled by others than himself from reports sent in. "Records of the disability of the plaintiff were then offered in evidence, but objection to their introduction by the plaintiff was by the court sustained."

The instruction complained of was to the effect that the evidence, documentary and otherwise, "concerning the amount of time the plaintiff had been off duty during his period of service with the defendant before the time of the alleged injury" was to show "the amount of time the plaintiff had laid off before the time of the alleged injury on account of sickness and inability to work", and was "admitted solely for the purpose of enabling the jury to determine from this fact, together with all the other facts upon that issue, as to what the plaintiff's physical condition was at the time of the injuries complained of", but was "not evidence of the character of plaintiff's illness."

The instruction is not a model, but it contains nothing of which appellant has the right to complain. Evidence "concerning the amount of time plaintiff 7. had been off duty", as shown by a record compiled in defendant's office by persons having no knowledge of any fact except that he did not work be-

cause he said he was sick, had no tendency to prove that plaintiff was suffering with any particular kind of illness at and immediately before the time of an alleged injury that occurred after the lapse of years, during which he continually was at work except for an occasional absence of a few days at a time. Whether or not the plaintiff had cause to complain of the instruction is a question which we need not consider and do not decide.

Appellant seeks to present by its petition for rehearing a question as to the sufficiency of the complaint which does not appear to have been suggested 8. to the trial court by the memorandum filed with the demurrer, and which we do not find to have been presented in any manner by the points and authorities in its original brief. "No alleged error or point not contained in this statement of points shall be raised afterward   *   *   *   on petition for rehearing." Rule 22; *Meek* v. *State, ex rel.* (1909); 172 Ind. 654, 663, 89 N. E. 307. The petition for rehearing is overruled.