### MOORE v. STATE OF INDIANA.

[No. 25,042.   Filed May 13, 1926.]

1. JURY.—*Woman having the statutory qualifications of a juror is competent juror in this state.*—A woman having the statutory qualifications of a juror is a competent juror in this state. p. 640.

2. CRIMINAL LAW.—*Erroneous instruction not cured by giving another which correctly states the law.*—An erroneous instruction is not cured by giving another instruction which correctly states the law, but, in order to cure the error, the erroneous instruction must be withdrawn from the jury.   p. 641.

From Delaware Circuit Court; *Donald D. Hensel,* Special Judge.

Tom ("Slim") Moore was convicted of unlawfully selling intoxicating liquor, and he appeals. *Reversed.*

*F. Clayton Mansfield,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George J. Muller,* Deputy Attorney-General, for the State.

GEMMILL, J.—In an indictment returned by the grand jury of Delaware county, it was charged that the appellant, on or about December 7, 1924, did unlawfully barter, sell, give away, exchange, furnish and dispose of intoxicating liquor to a person therein named, in violation of §1, ch. 23, Acts of 1923.   He was tried by a jury and found guilty.   He assigns as error the overruling of his motion for a new trial.

One of the causes for a new trial was that the court erred in overruling the challenge of the defendant to the competency of Margaret Goddard to serve as a juror in the trial of the cause.   The objection relied upon was that said prospective juror

was a woman and was not qualified to serve as a juror because of her sex. All the questions raised by appellant on this subject were decided by this court in *Palmer* v. *State* (1926), *ante* 625, 150 N. E. 917, in which it was said: "When women became electors in this state, those who were freeholders or householders became eligible to serve as jurors in the county where they were resident voters." In that case, a woman had been a member of the grand jury. For the same reasons there given, a woman having the statutory qualifications, was competent to serve as a petit juror in the trial of appellant in the circuit court.

Appellant excepted to the giving of instruction No. 4 to the jury which was as follows: "The material allegations of the indictment are the unlawful 2. bartering, selling, giving away, exchanging, furnishing or disposing of intoxicating liquor to Sherman G. Parton in Delaware Co., Indiana, on the 7th day of December, 1924, and the court instructs you that before the defendant can be found guilty of any offense under this statute and as charged in this indictment, the state must prove some one or more of the material allegations of the indictment above set out beyond a reasonable doubt. Proof of a sale of intoxicating liquor in violation of this statute is sufficient to sustain a conviction." This instruction was erroneous, as it was necessary for the state to prove all the material allegations of the indictment, essential to make out one complete offense. In each of two other instructions given by the court the law on this subject was correctly stated. An erroneous instruction to the jury in a criminal action is not corrected by another which stated the law correctly, unless the erroneous one be plainly withdrawn. *Howard* v. *State* (1875), 50 Ind. 190, 193; *Kingen* v. *State* (1874), 45 Ind. 518, 521;

*Binns* v. *State* (1879), 66 Ind. 428, 434; *Clark* v. *State* (1902), 159 Ind. 60, 66, 64 N. E. 589; *Weston* v. *State* (1906), 167 Ind. 324, 329, 78 N. E. 1014; *Rahke* v. *State* (1907), 168 Ind. 615, 622, 81 N. E. 584. It is not shown that said erroneous instruction was withdrawn from the jury. The other causes in the motion for a new trial are not presented. In overruling the motion for same, error was committed.

The judgment is reversed, with instructions to sustain appellant's motion for a new trial.