BLOOM ET AL *v.* TOWN OF ALBION ET AL.

[No. 14,318. Filed December 7, 1932. Rehearing denied March 18, 1933.]

*H. W. Mountz* and *Glen Thrapp,* for appellants.

*Fred L. Bodenhafer, Luke H. Wrigley, Martin H. Spangler, George L. Foote* and *Hughes & Arnold,* for appellees.

BRIDWELL, J.—Appellants instituted this action against appellees seeking to enjoin the construction of certain street improvements in the Town of Albion, Indiana, under a contract awarded for that purpose by the said town, through its board of trustees, to the appellee, Plummer Construction Company, and seeking further to enjoin the making of any special assessments against any of the property of the appellants to pay the costs of the improvements and from making and levying any special or other assessment against the taxable property of said town to pay the cost of the construction of the several street and alley intersections included in said improvements.

The complaint was filed in April, 1929, and in due course the cause was tried by the court resulting in a judgment in favor of the appellees; that the plaintiffs (appellants) take nothing by their complaint, and that defendants recover their costs, from which judgment, rendered on April 14th, 1930, this appeal is taken. The transcript and assignment of errors were filed November 10th, 1930.

We are of the opinion that the assessments sought to be enjoined were made when the final assessment rolls were adopted. Assessments, as the term is used in the law relative to taxation, means the adjustment of the shares of the contribution by several toward a common beneficial object, according to the benefit received. *Adams* v. *City of Shelbyville* (1900), 154 Ind. 467, 486, 57 N. E. 114, 49 L. R. A. 797, 77 Am. St. Rep. 484; Bouvier's Law Dict; Anderson's Law Dict. See also: *Town of Dublin* v. *State, ex. rel.* (1926), 198 Ind. 164, 152 N. E. 812.

Appellees have filed a verified motion to dismiss this appeal, because of the following facts shown by such motion: Following the decision of the court denying any injunctive relief, work was commenced on said improvements and each of them was fully constructed and completed in accordance with the plans and specifications therefor prior to July 28th, 1930, and on that date each improvement was received and accepted by the Board of Trustees of said Town of Albion, and the contractor allowed the contract price for each of said improvements; that the assessments against the properties of appellants, the making and levying of which are sought to be enjoined, have been made, and the amount to be paid by said town for the costs of construction of street and alley intersections fixed and determined; that the preliminary assessment roll as to each improvement was adopted July 28, 1930; that the final assessment roll

as to each of said improvements was, after the giving of the notice required by law, and the hearing of the only remonstrance presented, duly adopted on the 18th day of August, 1930.

From the foregoing facts, which are in no manner controverted by any counter showing made by appellants, it appears that all acts which appellants by their complaint seek to enjoin have been done, and appellants would be precluded from obtaining any relief under their complaint, if the court should decide the questions presented by the assignment of errors in their favor.

There is nothing upon which an order of injunction could operate if the cause should be reversed. The question is a moot one, and the motion to dismiss should be and is sustained. *South Park Floral Co.* v. *Garvey* (1914), 182 Ind. 635, 107 N. E. 68; *Ogborn* v. *City of Newcastle* (1912), 178 Ind. 161, 98 N. E. 869; *Johnson* v. *Paris, Trustee* (1922), 78 Ind. App. 110, 134 N. E. 880.

Appeal dismissed at costs of appellants.