COX *v.* STATE OF INDIANA.

[No. 26,284. Filed February 21, 1935.]

*Arthur D. Saylor,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *Joseph P. McNamara,* Deputy Attorney-General, for the State.

ROLL, J.—This was a prosecution by the State of Indiana against appellant by affidavit in two counts. The first count charged an unlawful sale of intoxicating liquor. Sec. 2717, Burns Ann. Stat. 1926, Acts 1925, p. 144. The second count charged the maintenance of a nuisance. Sec. 2740, Burns Ann. Stat. 1926, Acts 1925, p. 144.

Appellant filed a motion to quash each count of the affidavit, which was overruled. Appellant does not urge this error in his brief, so we will pass this question without further notice. There was a trial by jury and appellant was found not guilty on the first count and guilty on the second count. Appellant's motion for a new trial was overruled, and this appeal perfected, the only error assigned being the overruling of his motion for a new trial.

Among the reasons assigned for a new trial was the giving of certain instructions by the court of its own motion. The first instruction, of which complaint is made, is instruction No. 1 given by the court of its own motion, and this instruction informed the jury of the nature of the action and set out the two counts of the affidavit. No complaint is made of this part of the instruction, and the part to which appellant objects reads as follows: "To each count of this charge the defendant has entered a plea of not guilty, which places upon the state the burden of proving either one or both of the counts by a preponderance of the evidence before there can be a conviction." To this instruction both the state and the defendant reserved exceptions.

Appellant contends that this instruction is erroneous and a new trial should have been granted therefor. Section 2302, Burns Ann. Stat. 1926, §9-1806, Burns 1933, §2286, Baldwin's 1934, Acts 1905, p. 584, provides: "A defendant is presumed to be innocent until

the contrary is proved. When there is a reasonable doubt whether his guilt is satisfactorily shown, he must be acquitted . . ."

It has been held many times that it is reversible error for the court to refuse to instruct the jury that the defendant is presumed to be innocent and that his guilt must be shown beyond a reasonable doubt. *Line* v. *State* (1875), 51 Ind. 172; *Snyder* v. *State* (1877), 59 Ind. 105; *Ridge* v. *State* (1923), 192 Ind. 639, 137 N. E. 758; *Jalbert* v. *State* (1928), 200 Ind. 380, 165 N. E. 522.

Clearly, under the authorities, the above instruction is erroneous. This, the state admits, but contends that the court, through obvious inadvertence and merely by way of casual mention at the close of that instruction, stated that the burden was upon the state to prove either one or both of the counts by a preponderance of the evidence, and it contends that this is shown by the fact that the court gave on its own motion instructions Nos. 4, 8, and 9 and other instructions in which the jury was told that it was necessary for the proof to show the defendant's guilt beyond a reasonable doubt, and that the jury could not have been misled in view of the entire charge.

It is true that the instructions in a case must be read and considered in their entirety and as a whole, and if, when taken as a whole, they correctly state the law, the case will not be reversed by reason of some one instruction which, when detached from the others, may be erroneous and misleading and does not state the law upon the point. But this is not such a case. The instruction was not defective in that it was incomplete and did not fully state the law upon the point, but is one in which there was a misstatement of the law and the only effect of a correct statement of the law in another instruction would be to create a conflict in the

instructions and leave the jury to decide which instruction they would follow.

It was said in the case of *Bradley* v. *State* (1869), 31 Ind. 492, 504, that "The effect of the conflicting instructions can only be to confuse the jury; and as they must follow one or the other, it is impossible to determine whether the influence of the court in such a case has been exerted for good or evil." And in the case of *Clem* v. *State* (1869), 31 Ind. 480, 483, it was said: "It is true, that upon this subject a correct instruction was given at the request of the defendant. But that did not repair the error. Contradictory instructions would, if allowed, make the trial by jury a most mischievous institution."

In *Moore* v. *State* (1925), 197 Ind. 640, 641, 151 N. E. 689, this court said: "An erroneous instruction to the jury in a criminal action is not corrected by another which stated the law correctly, unless the erroneous one be plainly withdrawn."

The fact that the court gave three or more proper instructions upon the subject of the extent of the proof necessary to warrant conviction would no more correct the erroneous instruction than if he had only given one correct instruction. The erroneous instruction above set out was in no way withdrawn from the jury and was clearly reversible error.

Other questions presented are such that they are not likely to be presented at another trial, and therefore we will not consider them.

Judgment reversed, with instructions to the trial court to sustain appellant's motion for a new trial.