SNIDER ET AL. *v.* MT. VERNON HANCOCK SCHOOL BUILDING CORPORATION ET AL.

[No. 567S3. Filed March 8, 1968.]

*James H. Emmert,* of Shelbyville, and *Bowen, Myers, Northam & Givan,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *Lloyd C. Hutchinson, James B. Droege,* Deputies Attorney General, for appellees, State Board of Tax Commissioners and the Constituent Board Members.

*Richard T. Lineback,* of Greenfield, *Richard L. Brown* and *Butler, Brown, Hahn & DeWitt,* of Indianapolis, for all other appellees.

HUNTER, J.—This is a class action brought by appellants as taxpayers of Mt. Vernon Community School Corporation of Hancock County against the Mt. Vernon Hancock School Building Corporation, members of the Board of Directors thereof, and the State Board of Tax Commissioners. The plaintiffs sought an injunction against the issuance and sale of bonds by the corporation. The building corporation was a lessor under a rental agreement with the community school corporation; an injunction was also sought against the performance of the proposed school building lease. Finally a declaratory judgment was sought. The complaint alleged that the proceedings had by the two corporations in negotiating and approving the rental agreement were in excess of statutory jurisdiction, authority and limitation and short of statutory right without observance of procedures required by law. In essence the taxpayers opposed the validity, location, wisdom, feasibility, and extent or character of financing,

leasing and construction of a proposed high school building. The decision of the trial court on all issues was for the appellees (defendants) and against the appellants (plaintiffs). From this decision the appellants appeal.

From the above resumé of the issues presented by the parties to this appeal it may be readily noted that there were matters of grave public concern to the affected school patrons and taxpayers residing within the school corporation involved. Therefore it was of concern to this Court to schedule an oral argument to hear this appeal at the first available time. At the time allotted for hearing in this case there were many other pending appeals of great and equal importance to the parties with then existent bona fide issues in each such appeal.

However, at the time of oral argument and hearing before this Court, counsel for both the appellants and appellees admitted in open court that the *issues presented by this appeal* were moot for the following reason, to-wit:

(1) That the school building project had been completed by financing from tax monies other than by a lease agreement with the school building holding corporation, the validity of which corporation was being challenged in this appeal; and

(2) the appellees informed this Court that the financing of the proposed building project by the school building holding corporation had been *abandoned* by them.

Such information was pecularily within the knowledge of both the appellants and appellees, yet neither of the parties so indicated such facts to this Court upon notification that this case was set for hearing or at any time thereafter, before hearing. No petitions or motions were filed by either party setting forth the moot aspects of the issues formed in this appeal.

It is incumbent upon this Court to emphasize to the parties that it was their respective duties to place such matters be-

fore this Court by proper petitions, motions, or challenges by verified filings. Their failure to do so placed an undue burden upon this Court by consuming its time in oral argument when at said time there were, and still are, pending before this Court many bona fide and meritorious appeals, with real and genuine issues, awaiting our attention.

In view of the appellees' admission at the hearing that the proposed school building holding corporation had been abandoned and that the school building project had also been completed and financed by tax funds, we hold that such corporation has also been abandoned for all purposes. Therefore, this opinion may not be construed as an affirmance of the trial court's decision.

For all of the foregoing reasons, we hold that this appeal should be dismissed for the reason that the issues presented are moot.

We further hold that all the costs in this matter nominally assessed by the Clerk of this Court, by statutory authorization as applicable to appeals, shall be by said Clerk apportioned equally between the parties.

The Clerk is hereby ordered and directed to assess and apportion the costs as hereinabove held and indicated.

Appeal dismissed.

Lewis, C. J., Arterburn, Jackson and Mote, JJ., concur.

NOTE.—Reported in 234 N. E. 2d 632.