**James D. CUNNINGHAM, Fred M. Lutgen, Jr. and Ross Haller, Appellants (Plaintiffs),**

v.

**Doug HILES, Al Gomez, Jr., Arthur C. and Sarah Clouser, Town of Schererville Plan Commission and Town of Schererville, Indiana, a Municipal Corporation, Appellees (Defendants).**

No. 3–977A234.

Court of Appeals of Indiana, Third District.

March 25, 1980.

Rehearing Denied May 8, 1980.

---

William J. Muha, Daniel G. Hoebeke, Zandstra, Zandstra & Muha, Highland, for appellants.

Kenneth D. Reed, Abrahamson, Reed & Tanasijevich, Hammond, for Doug Hiles, Al Gomez, Jr., Arthur C. Clouser and Sarah Clouser.

Gilbert F. Blackmun, Leonard M. Holajter, Friedrich, Bomberger, Tweedle & Blackmun, Highland, for Town of Schererville Plan Commission and Town of Schererville, Indiana.

## ON PETITION FOR REHEARING

STATON, Judge.

Appellee Hiles has requested in his Petition for Rehearing that this Court "vacate and set aside" its disposition of Cunningham's appeal on the basis that a material change in circumstances has rendered the appeal moot. Our opinion, which appears at *Cunningham v. Hiles* (1979), Ind.App., 395 N.E.2d 851, is concluded with the directive that the Lake County Circuit Court grant a permanent injunction against the construction of the music store proposed by Hiles. Via the information and contentions contained in Hiles' Petition for Rehearing, this Court has—for the first time—been informed that during the pendency of this appeal, construction of the music store was completed. It is consequently necessary that this Court modify its previous order. Hiles' Petition for Rehearing, however, is in all respects denied. We briefly summarize the chain of events which necessitates our action here.

In 1976, Hiles obtained approval from Schererville, Indiana, zoning authorities to construct a music store on a tract located in a subdivision known as "Lincoln Knolls Estates." The nature of the subdivision's growth, since its inception in 1953, has been governed by a restrictive covenant, which limits the development of lots located therein to residential use.

Cunningham, as well as various other residents of the subdivision (hereinafter collectively referred to as "Homeowners"[1]), filed suit against Hiles seeking to permanently enjoin his construction of the music store. In the trial court, they contended that the construction of the music store would violate the covenant restricting the use of lots within Lincoln Knolls Estates to residential purposes.[2] The trial court found that 'the restrictive covenant was unenforceable and denied Homeowners' request for a permanent injunction.

Homeowners then perfected this appeal. Based on our analysis of the evidence, there was substantial evidence to

---

1. The use of the label "Homeowners" is consistent with our opinion. *Cunningham v. Hiles, supra.* Specifically, the phrase describes James Cunningham, Fred M. Lutgen, and Ross Haller, the residents of Lincoln Knolls Estates who initiated this appeal.

2. Homeowners also challenged the validity of the zoning reclassification approved by Schererville zoning authorities. Inasmuch as the fact of that reclassification was of no effect in view of our decision that the restrictive covenant was enforceable, we did not address Homeowners' challenges to the zoning reclassification. *Cunningham v. Hiles, supra,* at 853, fn. 2.

support the trial court's findings regarding changes which had occurred within and around Lincoln Knolls Estates since 1953; we reversed the trial court's determination that the restrictive covenant was unenforceable. This Court found that the changes which had occurred within and around Lincoln Knolls Estates were not so "radical in nature" to have defeated the purpose of the covenant—to maintain the residential character of the subdivision and preserve the value of the homes in the residential market. *Cunningham v. Hiles, supra,* at 854–56, *relying on Bob Layne Contractor, Inc. v. Buennagel* (1973), 158 Ind.App. 43, 301 N.E.2d 671. Accordingly, we remanded the cause to the trial court with the directive that it should "grant Homeowners' prayer for a permanent injunction against the proposed construction of the music store." [3] *Cunningham v. Hiles, supra.*

■ Appellee Hiles then filed his Petition for Rehearing wherein this Court was first placed on notice of the fact that during the pendency of the appeal, the music store had been constructed. Hiles' Petition for Rehearing reads in pertinent part:

"In the meanwhile, the Defendants-Appellees constructed the music store, and it is in existence today. It is respectfully submitted that the appeal became moot prior to the Court's decision in this case. Perhaps one or more of the parties should have called this fact to the attention of the Court of Appeals via a motion to dismiss. However, there does not appear to be any provision in the Appellate Rules for doing that once the briefs are filed, and the record will show that the only other opportunity would have been at oral argument, and the Court denied oral argument by order entered contemporaneously with the decision and opinion in the case. . . ."

We agree that during the pendency of the appeal, the parties should have informed this Court of the fact that the music store had been constructed. We reject outright, however, Hiles' suggestion that he was precluded from informing this Court of the existence of the music store by our denial of Homeowners' request for oral argument.

■ In fact, our Supreme Court has vigorously emphasized that oral argument is *not* the appropriate vehicle by which to inform an appellate tribunal of post-judgment events which may affect the outcome of a pending appeal. *Snider v. Mt. Vernon Hancock School Bldg. Corp.* (1968), 250 Ind. 10, 234 N.E.2d 632, 634. Such an exercise, the Court explained in *Snider,* would constitute a wasteful expenditure of this Court's most precious commodity—time. For this reason, parties have a duty "to place such matters before this Court by proper petitions, motions, or challenges by verified [pleadings]." *Id.* Among the "petitions, motions, or challenges by verified pleadings" available, a "Motion to Dismiss the Appeal" is one often-used avenue by which to inform an appellate tribunal of a post-judgment change in circumstances which might render a pending appeal moot. *Gierhart v. State* (1962), 243 Ind. 553, 186 N.E.2d 680; *Miller v. Kankakee & Pine Creek Drainage Ass'n* (1953), 232 Ind. 412, 112 N.E.2d 852; *Fox v. Holman* (1933), 95 Ind.App. 598, 184 N.E. 194; *Bloom v. Town of Albion* (1932), 96 Ind.App. 229, 183 N.E. 325; *Johnson v. Paris* (1922), 78 Ind.App. 110, 134 N.E. 880; *Wiebke v. City of Fort Wayne* (1917), 64 Ind.App. 38, 115 N.E. 355.

---

**3.** In his Petition for Rehearing, Hiles has suggested that this Court granted relief "substantially different" than that relief requested by Homeowners in their appeal. The relief which may be granted by this Court is coextensive with that relief which a trial court may grant under Ind. Rules of Procedure, Trial Rule 59(E). Ind. Rules of Procedure, Appellate Rule 15(M); *State ex rel. Schmal v. Lake Superior Court* (1975), 264 Ind. 73, 339 N.E.2d 58. Among the various types of relief enunciated in TR. 59(E) is the entry of final judgment when such relief is not "impracticable or unfair." Here, the parties fully litigated the question of the enforceability of the covenant at trial. No purpose would have been served by a new trial. It is well settled that the relief granted by this Court need not be identical to the relief requested by the parties. *McConnell v. Thompson* (1937), 213 Ind. 16, 11 N.E.2d 183. "It is the province of this Court to dispose of cases whenever possible by granting appropriate relief." *McCarthy v. McCarthy* (1971), 150 Ind. App. 640, 276 N.E.2d 891, 897.

■ On the other hand, it is a basic tenet of appellate review that a Petition for Rehearing will not be granted on the basis of acts which occurred during the pendency of the appeal and which were not in any manner presented for this Court's consideration. *Lugar v. Burns* (1926), 197 Ind. 646, 150 N.E. 774, *pet. for rehearing den.* 197 Ind. 654, 151 N.E. 689; *Baltimore, Etc. R. Co. v. Sliger* (1923), 194 Ind. 442, 141 N.E. 467, *pet. for rehearing den.* 194 Ind. 450, 143 N.E. 282; *Ness v. Board of Commissioners* (1912), 178 Ind. 221, 98 N.E. 33, *pet. for rehearing den.* 178 Ind. 232, 98 N.E. 1002; *Meeks v. State, ex rel.* (1909), 172 Ind. 654, 663, 88 N.E. 299, *pet. for rehearing den.* 172 Ind. 654, 89 N.E. 307. (See rehearing citations.).

In *Ness v. Board of Commissioners, supra*, the rule was applied in circumstances not unlike those present here. Plaintiff Ness sought to enjoin performance of a county contract for construction work. The injunction sought by Ness was denied by the trial court. Ness instituted an appeal. Meanwhile, the contractor who had been granted the contract proceeded with his work. After the Supreme Court had reversed the judgment of the trial court and directed it to grant the injunction, counsel for the Board of Commissioners argued on rehearing that the substantial costs incurred by the contractor during the pendency of the appeal warranted a reassessment of the Court's decision. The Court responded:

"But it is urged that relying upon the judgment below, and the varying changes wrought in the situation of the opinions promulgated in the case, appellee contractor has proceeded with the work until a considerable expenditure has been incurred by him. This appears by the brief of counsel, and *we, of course, cannot be governed by the after-accruing results*, and, much as the condition he now finds himself in is to be regretted, we are in no situation to extend relief from conditions which he is at least equally responsible in producing." (Emphasis added.).

178 Ind. at 237, 98 N.E. at 1004.

The rule was reiterated in *Lugar v. Burns, supra*, where the Court confronted and overruled a Petition for Rehearing based on theretofore-unrevealed acts which had occurred during the pendency of the appeal:

"[T]he rule is firmly established that the Supreme Court will not grant a rehearing to decide a question that was not presented by the record on which that decision was based, nor in any way suggested to the court until after the decision was made.

\* \* \* \* \* \*

"We cannot now recall that decision to pass upon questions arising out of acts done in 1925, as to which nothing was shown by the record or in any manner whatever presented to this court for consideration at the time it decided the appeal.

"The petition for a rehearing is overruled." (Citations omitted.).

197 Ind. at 655, 151 N.E. at 689. Likewise, this Court will not now "vacate and set aside" its disposition of Homeowners' appeal on the basis of the heretofore unrevealed fact that the music store was constructed during the pendency of this appeal.

■ Simply stated, this Court is not obligated on rehearing to address an issue not theretofore presented for our consideration. *Pintozzi v. Small* (1959), 130 Ind.App. 570, 161 N.E.2d 380. Such tardily-raised questions are waived.[4] *Id.; Browne v.*

---

4. Inasmuch as Hiles has waived his right to have this Court address his argument, we do not reach Homeowners' contention that Hiles' "Reply brief" should be stricken on the basis that it was not timely filed.

We note that the essence of Hiles' argument is (1) that he was entitled to build the music store because Homeowners did not file a supersedeas or appeal bond, and (2) consequently, the fact that he did construct the building cannot now work against him. Hiles has not shown this Court that Homeowners were required to seek an appeal bond or otherwise stay enforcement of the denial of the injunction pending the outcome of their appeal. Nor do the commentators suggest that Homeowners had such a duty. Harvey, 4 *Indiana Practice* § 62.1 *et seq.* pp. 280–296 (1971); Wiltrout, 3 *Indiana Practice*

*Blood* (1964), 245 Ind. 447, 199 N.E.2d 712, 713; *State v. Indianapolis Airport Authority* (1977), Ind.App., 366 N.E.2d 240; *Stucker v. College Life Ins. Co.* (1965), 139 Ind. App. 422, 211 N.E.2d 320, 321; *Daviess-Martin County Rural Tel. Corp. v. Public Service Commission* (1961), 132 Ind.App. 610, 175 N.E.2d 439, 440; *Groves v. Burton* (1955), 125 Ind.App. 302, 123 N.E.2d 705, 707.

This Court may, however, modify its mandate when it is informed upon Rehearing that the condition of the parties has been materially changed during the pendency of the appeal. *Green v. McGrew* (1905), 35 Ind.App. 104, 72 N.E. 1049, *rehearing den.* 35 Ind.App. 115, 73 N.E. 832–33. The circumstances here clearly necessitate such action.[5] Our mandate that construction of the music store be permanently enjoined cannot be effectuated; the music store has already been constructed.

Our modification is made consistent with the strictures contained in our disposition of Homeowners' appeal. There, we held that the restrictive covenant applicable to all tracts located within Lincoln Knolls Estates was enforceable. *Cunningham v. Hiles, supra,* at 854–56. We hereby direct the Lake Circuit Court to issue a permanent injunction against the use of the structure for any purpose which violates the terms of the restrictive covenant.

This limitation on the use of the structure, albeit regrettable, is peculiarly necessary in the circumstances before us. As we noted in our disposition of Homeowners' appeal, the enforceability of a restrictive covenant is determined by an examination of the changes which have occurred within and around the area subject to the covenant. If those changes are so radical in nature that the purpose of the covenant has been defeated, the covenant is unenforceable. Significantly, in the examination of whether the purpose of the covenant has been defeated, *greater weight is to be accorded those changes which have occurred within the subject area* than those changes which have transpired in the surrounding area. *Id.*

Consequently, if, notwithstanding our determination that the covenant is enforceable, we permitted the structure to be used for commercial purposes, the very essence of the restrictive covenant would be subverted. Obviously, the operation of a music store within Lincoln Knolls Estates would have the immediate effect of compromising the residential character of the subdivision. In turn, this erosion of the residential nature of Lincoln Knolls Estates might beget future violations of the covenant; as a change *within* the subdivision, the existence of a music store would be accorded great weight in any future challenge to the enforceability of the restrictive covenant. In short, to permit the structure to be used for commercial purposes would in effect vitiate the restrictive covenant which we found enforceable.

Hiles' Petition for Rehearing is denied. This Court's mandate enunciated in *Cunningham v. Hiles* (1979), Ind.App., 395 N.E.2d 851, 856, is modified. The cause is remanded to the Lake Circuit Court for further proceedings not inconsistent with this opinion.

GARRARD, P. J., and HOFFMAN, J., concur.

---

§ 2222 p. 84 (1967). In other words, Hiles built the music store at his own peril.

5. Homeowners, in response to Hiles' Petition for Rehearing, have filed a "Petition to Modify Mandate by Amending Relief" wherein they have requested this Court to (1) order the discontinuance of the commercial usage of the premises, and (2) order the removal of the structure erected during the pendency of Homeowners' appeal. As indicated in the text, *infra,* we do not modify our mandate to require the removal of the building. That drastic measure is not necessary to effectuate the purposes of the restrictive covenant.